IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF § <br> ELECTRICAL WORKERS, LOCAL 520, § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> A.S.H. ELECTRICAL SERVICES, LLC, § <br>     Defendant. § | CIVIL ACTION NO. 1:25-cv-1643 |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now Plaintiff, International Brotherhood of Electrical Workers ("IBEW"), Local 520, and complains of Defendant A.S.H. Electrical Services, LLC. In support of its complaint, Plaintiff states the following:

### NATURE OF THE ACTION

1.   IBEW Local 520 brings this action against Defendant to confirm and enforce a May 13, 2025 interest arbitration award, which included a new collective bargaining agreement ("CBA") issued by the Council on Industrial Relations for the Electrical Contracting Industry ("CIR"), an arbitration body co-sponsored by the National Electrical Contractors Association ("NECA") and the IBEW whose purpose is arbitrating labor disputes within the electrical industry. This action is filed under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

### JURISDICTION AND VENUE

2.   This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343 and 29 U.S.C. § 185.

1

3. A substantial part of the events and omissions giving rise to the claim in this suit occurred in Travis County, Texas, and venue is thus proper in this Court pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 185.

**PARTIES**

4. Plaintiff IBEW Local 520 is a "labor organization" as defined in 29 U.S.C. § 152(5), which represents and seeks to represent workers employed in the electrical industry in Central Texas.

5. Defendant A.S.H. Electrical Services, LLC is a Texas limited liability company engaged in the electrical trade. Defendant is an "employer" as defined in 29 U.S.C. § 152(2). Defendant may be served with process by serving its registered agent, Adam Christopher Johnke, at 3214 Sunset Drive, San Angelo, Texas 76904, or wherever he may be found.

**FACTS**

6. On May 13, 2021, Defendant signed a Letter of Assent assigning its collective bargaining rights to the Central Texas Chapter of NECA as Defendant's representative and agreeing to be bound by the current and any subsequent approved Inside Agreement between NECA and Local 520. Under the Letter of Assent, Defendant became bound to an Inside Agreement ("the prior CBA") that remained effective until June 1, 2025, and continued in effect from year to year thereafter from June 1 through May 31 of each year, unless changed or terminated as provided for in other sections of the Agreement.

7. Section 1.02(d) of the Prior CBA provided,

> Unresolved issues or disputes arising out of a failure to negotiate a renewal or modification of this agreement that remain on the 20th of the month preceding the next regular meeting of the Council on Industrial Relations for the Electrical Contracting Industry (CIR) may be submitted jointly or unilaterally to the Council for adjudication. Such unresolved issues or disputes shall be submitted no later than the next regular meeting of the Council following the expiration date of this

agreement or any subsequent anniversary date. The Council's decisions shall be final and binding.

8. On May 30, 2023, Defendant purported to revoke the Letter of Assent previously given to NECA. On December 27, 2023, Defendant announced its desire to terminate the Prior CBA. Local 520 informed Defendant that a mid-term termination of the Letter of Assent and the Prior CBA is not permissible. Local 520 did, however, accept the premature notices as sufficient to terminate the Letter of Assent upon its anniversary date and as notice of Defendant's desire to terminate the CBA at its expiration date.

9. On February 3, 2025, Local 520 notified Defendant by letter of Local 520's desire to modify the CBA between the parties. The parties met to bargain several times in March and April 2025, but no agreement on a successor to the still effective Prior CBA was reached.

10. In 2025, the CIR scheduled regular meetings in February, May, August and November. The August and November regular meetings post-dated the Prior CBA's June 1, 2025 expiration date. By April 2025, the CIR's May 2025 regular meeting was the only regular meeting scheduled to occur before that expiration date.

11. On April 16, 2025, under Prior CBA Section 1.02(d), to timely provide notice in advance of the Prior CBA's expiration date, and to ensure preservation during the Prior CBA's term of Local 520's rights under that section, Local 520 advised Defendant of its wish to submit to the CIR, for adjudication during the CIR's May 2025 regular meeting, unresolved issues that remained between the parties as of April 20, 2025, and that may continue to be unresolved in bargaining conducted after April 20, 2025. Local 520 invited Defendant to join in the submission to the CIR. Defendant did not respond to the invitation, so on April 17, 2025, Local 520 unilaterally submitted the bargaining dispute to the CIR for adjudication under Section 1.02(d) of the Prior CBA.

12. On May 1, 2025, the due date for submissions to CIR for adjudication during its May 2025 session, Local 520 presented its submission to the CIR, which included its proposed changes to the CBA. The bargaining dispute was presented to the CIR at its May 13, 2025 meeting. Defendant participated by brief only, and Local 520 participated by brief and oral argument by Business Manager Ben Brenneman and Assistant Business Manager Diarmid Campbell during interest arbitration proceedings before the CIR.

13. The CIR's decision and award, dated May 13, 2025, in which the CIR noted its "careful consideration of the evidence submitted," ordered Local 520 and Defendant to sign and immediately implement the June 2, 2025 to June 4, 2028 collective bargaining agreement ("the New CBA") attached to and made a part of the CIR's decision and award. The CIR's decision and award addressed all the unresolved issues and disputes between the parties in the included New CBA.

14. On May 23, 2025, Defendant requested that the CIR reconsider its decision based on Defendant's claim that "a just and reasonable weighing of evidence presented did not occur." The CIR responded by letter on June 10, 2025, stating, "The CIR fully considered the issues you have raised in your request for reconsideration. There is no basis for the CIR to reconsider its decision, which is final and binding on the parties."

15. At all times since receiving the New CBA, Defendant has failed and refused to sign, implement, and be bound by the New CBA. Defendant continues to refuse to sign, implement, and be bound by the New CBA imposed upon it through interest arbitration before the CIR.

## CAUSE OF ACTION

16. In hearing and deciding the unresolved bargaining issues and disputes placed before it by Local 520, and in issuing its decision and award, the CIR acted within the scope of its authority, to which Defendant agreed under the Prior CBA.

17. The CIR arguably construed and/or applied the Prior CBA in issuing its May 13, 2025 decision and award, and the decision and award drew its essence from the Prior CBA. Any legal determination made by the CIR is beyond the authority of this Court to review and/or was proper. Under the Prior CBA and the CIR's May 13, 2025 decision and award, and accordingly under LMRA Section 301, 29 U.S.C. § 185, Defendant is obligated to accept the CIR's May 13, 2025 decision and award and to sign, implement, and comply with the New CBA that was a part of that decision and award. Local 520 is entitled to confirmation and enforcement of the CIR's May 13, 2025 decision and award.

## INJURY

18. As a result of Defendant's refusal to sign, implement, and comply with the New CBA, Local 520 and its members have been harmed. Specifically, Local 520 has been deprived of the benefit of a contract it negotiated on behalf of its members and the benefits paid to several joint NECA/IBEW funds on Local 520's behalf. Local 520's members have been harmed by being deprived of wages, hours, working conditions, and benefits required by the New CBA imposed upon Defendant through interest arbitration.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff respectfully requests that Defendant be cited to appear and answer herein, and upon hearing, that the Court award Plaintiff the following relief:

A. Confirm and enforce the CIR's May 13, 2025 decision and award, and the included New CBA, by ordering Defendant to sign, implement, and comply with the entirety of the New CBA, including, but not limited to the payment of any unpaid compensation or unpaid fringe benefit contributions accrued from June 2, 2025 to the date of Defendant's full compliance with the New CBA.

B. Order Defendant to submit to an audit by an accountant of Local 520's choosing to determine the amounts of any unpaid compensation and/or unpaid fringe benefit contributions accrued from June 2, 2025 to the date of Defendant's full compliance with the New CBA.

C. Under Section 2.02(d) of the New CBA, order Defendant to pay to Local 520 all accountant and attorney fees it incurs in seeking the payment of monies identified in that section by bringing this action to confirm and enforce the CIR's May 13, 2025 decision and award.

D. Order Defendant to pay any attorney fees and costs incurred by Local 520, in addition to those described in the preceding paragraph, by bringing this action to confirm and enforce the CIR's May 13, 2025 decision and award.

E. Order all additional legal or equitable relief that the Court deems just and proper.

*Respectfully submitted,*

DEATS DURST & OWEN, PLLC

/s/ Matt Bachop
Matt Bachop
TBN: 24055127
mbachop@ddollaw.com
8140 N Mopac Expy, Suite 4-250
Austin, Texas 78759
(512) 474-6200
FAX (512) 474-7896

Attorney for Plaintiff