IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 520, | § § § § | |
| *Plaintiff,* | § | CIVIL ACTION NO. 1:25-cv-1643 |
| v. | § § § | |
| A.S.H. ELECTRICAL SERVICES, LLC, | § § | |
| *Defendant.* | | |

### DEFENDANT'S OPPOSED MOTION TO STAY IN LIGHT OF ONGOING ADMINISTRATIVE PROCEEDINGS

Defendant A.S.H. Electrical Services, LLC ("Defendant" or "A.S.H.") files this Opposed Motion to Stay in Light of Ongoing Administrative Proceedings. On October 13, 2025, Plaintiff International Brotherhood of Electrical Workers, Local 520, ("Plaintiff") filed its Original Complaint in this matter. [Dkt. 1]. In its Original Complaint, Plaintiff seeks to enforce a decision of the Council on Industrial Relations ("CIR," an arbitration panel) imposing a successor collective bargaining agreement on Defendant after Defendant moved to terminate the prior agreement.

On November 8, 2025, Defendant filed its Answer and Counterclaim [Dkt. 6]. In its Counterclaim, Defendant, in part, seeks to invalidate the imposed agreement on several grounds: (1) that the CIR exceeded its authority by imposing a CBA on Defendant after the Defendant terminated its bargaining relationship with Plaintiff; (2) the CIR's award does not draw its essence from the prior CBA, (3) the CIR's decision violates public policy and due process; (4) the CIR's process was procedurally defective, lacking transparency, reasoning and fairness; (5) the CIR was

improperly constituted and engaged in conduct undermining the integrity of the arbitration process; and (6) CIR's award is invalid and unenforceable under federal labor law.

On September 30, 2025, before this lawsuit was initiated and just before the recent shutdown of the Federal Government, Jared Lane Elkins, one of Defendant's two bargaining unit employees, filed a decertification petition with the National Labor Relations Board ("RD Petition.")  The RD Petition is attached as "Exhibit A."  During the week of November 17, 2025, the National Labor Relations Board (NLRB) resumed processing the RD petition and has informed the parties that it would likely schedule a hearing in the matter the week of December 1, 2025.  On November 21, 2025, Timothy Watson, Regional Director of NLRB Region 16 issued an Order to Show Cause in the matter, setting a hearing date of December 3, 2025 (Exhibit B).  Defendant filed its Response to the Order to Show Cause on November 25, 2025 (Exhibit C) as did Plaintiff (Exhibit D).

Under the National Labor Relations Act ("NLRA"), when an election is held during the term of an 8(f) agreement, "a vote to reject the signatory [8(f)] union will void the 8(f) agreement and will terminate the 8(f) relationship."  *See Raymond Interior Systems*, 367 NLRB No. 124 (2019); 2019 L.R.R.M. (BNA) 174189, 2019 WL 2132089.  Therefore, the NLRB's processing of the RD petition could make the parties' contentions regarding the validity of the imposed CBA moot.  Accordingly, to preserve judicial resources and minimize costs in this matter and to allow NLRB Region 16 time to make determinations related to the RD petition, Defendant respectfully moves the Court to stay all deadlines pending the NLRB's processing of the RD petition.

### A.   PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully moves the Court to stay all deadlines in this matter pending the NLRB's processing of the RD petition and to grant Defendant all other relief to which it may be entitled.

Respectfully submitted,

By: */s/ Jonathan Elifson*
Jonathan Elifson
Texas Bar No. 24096065
Jonathan.Elifson@jacksonlewis.com
Nathaniel J. Higgins
Texas Bar No. 24087720
Nathaniel.Higgins@jacksonlewis.com
**JACKSON LEWIS P.C.**
500 N. Akard St., Suite 2500
Dallas, Texas 75201
Telephone: (214) 520-2400
Facsimile: (214) 520-2008

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with opposing counsel on November 26, 2025. A reasonable effort has been made to resolve the dispute without the necessity of court intervention and the effort failed. Therefore, it is presented to the Court for determination.

## CERTIFICATE OF SERVICE

I certify that on November 26, 2025, I electronically filed the foregoing document and that it is available for viewing and downloading from the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

*/s/ Jonathan Elifson*
Jonathan Elifson