IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF § <br> ELECTRICAL WORKERS, LOCAL 520, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> A.S.H. ELECTRICAL SERVICES, LLC, § <br> Defendant. § | <br><br><br><br>CIVIL ACTION NO. 1:25-cv-01643-DAE |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY

TO THE HONORABLE COURT:

Plaintiff files this response in opposition to Defendant's Opposed Motion to Stay in Light of Ongoing Administrative Proceedings.

Since the filing of Defendant's motion, the NLRB has dismissed the RD petition and canceled the December 3, 2025 hearing. *Exhibit 1*, *Decision and Order Dismissing Petition and Withdrawing Notice of Representation Hearing*. As such, there are no "ongoing administrative proceedings" that would justify a stay. And even if Defendant were able to get that decision overturned by the Board, there is no basis to stay this litigation. Defendant's motion incorrectly asserts that "the NLRB's processing of the RD petition could make the parties' contentions regarding the validity of the imposed CBA moot" because a decertification vote would void the CBA and terminate the 8(f) relationship.

The truth is that it is impossible for the NLRB proceeding to resolve all the issues in this case because an election could only void the CBA and terminate the relationship prospectively. In *Sheet Metal Workers Intern. Ass'n, Local No. 162 v. Jason Mfg., Inc.*, 900 F.2d 1392, 1399 (9th Cir. 1990), a case involving a similar fact pattern, the employer argued that "the decertification of the union by the NLRB requires a finding that the [CBA imposed through interest arbitration] was

1

void *ab initio.*" The court "rejected this argument and held that the contract would only be void prospectively from the actual date of decertification." *Id.* The court ultimately ruled that "the [interest] arbitration decision was void after decertification of the union," but the court held that until the date of decertification, "the union remained the recognized representative of [the employer]'s employees and is entitled to any damages suffered up to that date." *Id.* at 1400.

This case is similar: this Court will be required to determine the validity of the CBA from June 2, 2025, to the date of any decertification election, along with the amounts of any unpaid wages and fringe benefit contributions, no matter the outcome of any election that may be held.

Defendant's claim that a stay would "preserve judicial resources and minimize costs in this matter" is therefore misplaced. A stay would only introduce delay into the case without any possibility that all issues in the case would be resolved by the NLRB.

For these reasons, Plaintiff asks the Court to deny Defendant's Motion in its entirety.

*Respectfully submitted,*

DEATS DURST & OWEN, PLLC

_____/s/ Matt Bachop_____
Matt Bachop
TBN: 24055127
mbachop@ddollaw.com
2901 Bee Caves Rd., Ste. L
Austin, Texas 78746
(512) 474-6200
FAX (512) 474-7896

Attorney for Plaintiff

2

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record by the Court's CM/ECF system on this 3rd day of December, 2025.

/s/ Matt Bachop
Matt Bachop