IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF § <br> ELECTRICAL WORKERS, LOCAL 520, § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> A.S.H. ELECTRICAL SERVICES, LLC, § <br>     Defendant. § | CIVIL ACTION NO. 1:25-cv-01643-DAE |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

Pursuant to Local Rule CV-16(d), Plaintiff International Brotherhood of Electrical Workers, Local 520 and Defendant A.S.H. Electrical Services, LLC (collectively, "the Parties") file this Joint Discovery/Case Management Plan.

1. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

    Plaintiff's Position:

    The cause of action is for confirmation and enforcement of an interest arbitration award under LMRA Section 301, 29 U.S.C. § 185. The elements are that the arbitration panel arguably construed or applied the contract in issuing its award and that the award drew its essence from the contract.

    Defendant's Position:

    Defendant's counterclaim is also based on LMRA Section 301, 29 U.S.C. § 185 and contains several of the same elements as its defenses to Plaintiff's claims: (1) that the CIR (the relevant arbitration tribunal) exceeded its authority by imposing a CBA on Defendant after the Defendant terminated its bargaining relationship with Plaintiff; (2) the CIR's award does not draw its essence from the prior CBA, (3) the CIR's decision violates public policy and due process; (4) the CIR's process was procedurally defective, lacking transparency, reasoning and fairness; (5) the CIR was improperly constituted and engaged in conduct undermining the integrity of the arbitration process; and (6) CIR's award is invalid and unenforceable under federal labor law.

2. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:**

    a. **Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

There are no outstanding jurisdictional issues and this is not a removed case based on diversity; jurisdiction is based on a federal question in this matter.

      **b.**      **If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

There are no outstanding jurisdictional issues; the Court has jurisdiction based on a federal question, not diversity.

**3.**      **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

There are no unserved parties.

**4.**      **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

None at this time.

**5.**      **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

None at this time.

**6.**      **Are there any issues about preservation of discoverable information?**

None at this time.

**7.**      **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

None at this time. In general, electronically-stored information should be produced in .pdf and/or native form with metadata included as necessary and proportionate to the case.

**8.**      **What are the subjects on which discovery may be needed?**

The Parties anticipate taking discovery on all merits-based issues presented in this case.

**9.**      **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

The Parties will exchange their Initial Disclosures by December 18, 2025. No changes are needed in the timing, form, or requirement for initial disclosures.

10.       **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

No discovery has been completed to date. The Parties will exchange their Initial Disclosures by December 18, 2025. The Parties anticipate exchanging written discovery and taking depositions. The Parties have proposed a discovery deadline in their proposed scheduling order. The Parties do not see a need to conduct discovery in phases or to agree to limit discovery at this time.

11.       **What, if any, discovery disputes exist?**

None at this time.

12.       **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The Parties have discussed entering into an agreed confidentiality and protective order. If they decide to do so, they will propose an order consistent with the Court's form order, which will include a proposed Rule 502 order.

13.       **Have the parties discussed early mediation?**

At this early stage, the parties have not engaged in discussions related to the possibility of mediating this dispute. The parties will endeavor to recognize, in good faith, if an opportunity for a productive mediation arises in the future.

14.       **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

The Parties have discussed entering into an agreed confidentiality and protective order. If they decide to do so, they will propose an order consistent with the Court's form order, which will include a proposed Rule 502 order.

Dated:  December 8, 2025                                  Respectfully submitted,

| | |
|---|---|
| */s/ Matt Bachop* | */s/ Jonathan Elifson* |
| Matt Bachop | Jonathan Elifson |
| TBN: 24055127 | Texas Bar No. 24096065 |
| DEATS DURST & OWEN, PLLC | Jonathan.Elifson@jacksonlewis.com |
| 2901 Bee Caves Rd., Ste. L | Nathaniel J. Higgins |
| Austin, Texas 78746 | Texas Bar No. 24087720 |
| (512) 474-6200 | Nathaniel.Higgins@jacksonlewis.com |
| FAX (512) 474-7896 | **JACKSON LEWIS P.C.** |
| mbachop@ddollaw.com | 500 N. Akard St., Suite 2500 |
| | Dallas, Texas 75201 |
| **ATTORNEY FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT** |
| | Telephone: (214) 520-2400 |
| | Facsimile: (214) 520-2008 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2025 a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system.

*/s/ Matt Bachop*
Matt Bachop