**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 520,** | § | |
| ***Plaintiff,*** | § | **CIVIL ACTION NO. 1:25-cv-1643** |
| **v.** | § | |
| **A.S.H. ELECTRICAL SERVICES, LLC,** | § | |
| ***Defendant.*** | § | |

**DEFENDANT'S MOTION TO TRANSFER VENUE OF THIS ACTION TO THE NORTHERN DISTRICT OF TEXAS, SAN ANGELO DIVISION**

A.S.H. Electrical Services, LLC ("Defendant" or "A.S.H.") files this Motion to Transfer Venue of this Action to the United States District Court for the Northern District of Texas, San Angelo Division, pursuant to 28 U.S.C. § 1406(a) or 1404(a).

## I. SUMMARY AND INTRODUCTION

On October 13, 2025, Plaintiff International Brotherhood of Electrical Workers, Local 520 ("Plaintiff" or "IBEW") filed its Original Petition in this Court seeking declaratory relief concerning the Council on Industrial Relations for the Electrical Contracting Industry's ("CIR") May 13, 2025, decision. [Dkt. 1]. Defendant timely responded to Plaintiff's Complaint on November 6, 2025. [Dkt. 2]. Defendant now moves the Court to transfer the case to the Northern District of Texas, San Angelo Division as venue is improper in the Western District of Texas, Austin Division.

A.S.H. is a San Angelo-based electrical company with a focus on providing electrical services to residential and commercial clients within the San Angelo area. [*Declaration of Adam

*Johnke*, attached as Exhibit "A" at ⁋ 3]. A.S.H. maintains one commercial location, which is in San Angelo. *Id*. A.S.H. utilizes the services of licensed electrical contractors to carry out its services in San Angelo. *Id*. at ⁋ 4.

In its Complaint, Plaintiff states that it is a labor organization "which represents and seeks to represent workers employed in the electrical industry in Central Texas," but references no connection to Austin or the Western District of Texas other than generically claiming "the events and omissions giving rise to the claim in this suit occurred in Travis County, Texas."[1] [Dkt. 1 at p. 2]. Plaintiff's bare assertion of proper venue in Travis County, Texas is insufficient absent factual support of the same, which Plaintiff does not have.

This matter involves a Collective Bargaining Agreement ("CBA") and two bargaining unit employees, both of which work for A.S.H., and reside, in San Angelo. Exh. A at ⁋ 5. Plaintiff's primary witness with knowledge relevant to this case is Diarmid Campbell ("Mr. Campbell"), Plaintiff's Assistant Business Manager, who is in San Angelo. *Id*. at ⁋ 8. At bottom, *none* of the alleged conduct here originated or took place in Travis County or the Austin Division of the Western District of Texas or had any relation to it.

Venue is plainly improper in Travis County or Austin. Because venue is not proper in the Austin Division of the Western District of Texas, Defendant moves the Court to transfer the case to the Northern District of Texas, San Angelo Division, where venue would be proper, in the interests of justice pursuant to 28 U.S.C. §§ 1406(a). Transfer to the Northern District of Texas, San Angelo Division would be appropriate for the convenience of witnesses and parties under 1404. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc), *cert. denied*, 129 S. Ct. 1336 (2009).

---

[1] Plaintiff presents zero factual evidence or assertions that support the generic statement that the events giving rise to this suit occurred in Travis County, Texas. *See generally* [Dkt. 1].

## II. ARGUMENT AND AUTHORITIES

A motion to transfer venue is at the discretion of the trial court and will not be reversed on appeal, absent an abuse of discretion. *Casarez v. Burlington Northern/Santa Fe Co.,* 193 F.3d 334, 339 (5th Cir. 1999). A motion to transfer venue under Section 1404 is governed by two inquiries: first, whether the action "might have been brought" in the transferee district, and second, whether such a transfer would serve "the convenience of parties and witnesses" and further "the interest of justice." 28 U.S.C. §§ 1404(a), 1406(a); *Volkswagen*, 545 F.3d at 312. Both inquiries here are met in the affirmative, A.S.H.'s Motion should be granted, and A.S.H. prays that the Court transfer venue to the proper Court under its authority in 28 U.S.C. §§ 1404, 1406(a).

### A. This Case could have Been Brought in the Northern District of Texas, San Angelo Division.

A district court may transfer a case to another district or division for the convenience of the parties or witnesses. 28 U.S.C. §1404(a). When analyzing a motion to transfer venue, the preliminary question is whether the suit could have originally been filed in the destination venue. *Id.* Here, A.S.H. and its co-owners with knowledge relevant to the claims and defenses in this matter reside in San Angelo, Texas, which is in Tom Green County, Texas. The claims in this litigation all arise from a CBA and its two bargaining unit employees at A.S.H. who also reside in San Angelo. **No events** in the live pleading occurred in Travis County and Plaintiff's bare assertion that "[a] substantial part of the events and omissions giving rise to the claim in this suit occurred in Travis County, Texas" is insufficient to establish proper venue in Travis Couty. *See generally* [Dkt. 1]; *see also OYO Hotels, Inc. v. Maingate Worldwide, LLC,* Civil Action No. 3:19-CV-2909-K (N.D. Tex. Jun 03, 2020) (holding courts require more than a bare assertion that venue is proper, plaintiffs must allege facts that, if true, would establish that a substantial part of the events or omissions giving rise to the claim occurred in the district, and that conclusory statements

are insufficient). **All the events** in dispute which form the basis of the claims allegedly occurred in Tom Green County, Texas, which is within the territory of the Northern District of Texas, San Angelo Division. *See generally* Exh. A. Accordingly, Plaintiff could have originally filed in the Northern District of Texas, San Angelo Division. *See* 28 U.S.C §1391(b).

**B. Convenience of the Parties and Witnesses Favors Transfer of Venue to the Northern District of Texas, San Angelo Division.**

In light of the majority of necessary witnesses for the case work and/or reside in Tom Green County, Texas, the Court should transfer the case to the Northern District of Texas, San Angelo Division. *See* 28 U.S.C. § 1404. Courts consider several private and public interest factors when deciding whether to transfer an action under 28 U.S.C. § 1404(a). *Volkswagen I*, 545 F.3d at 311. The private interest factors are: (1) the cost of attendance for willing witnesses; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process to secure the attendance of witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious and inexpensive. *Id.* at 314. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* A plaintiff's choice of venue is <u>not</u> an independent factor in the venue transfer analysis, and a court must not give inordinate weight to a plaintiff's choice of venue. *In re Volkswagen II*, 545 F.3d 304 n. 10, 315 (5th Cir. 2008) ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statue, § 1404(a) tempers the effects of the exercise of this privilege."). As explained below, the private and public interest facts weigh in favor of transfer.

**1. The Convenience and Cost of Attendance for Willing Witnesses.**

Of the private and public interest factors, "[t]he relative convenience to the witnesses is often recognized as the most important factor under § 1404(a)." *Mid-Continent Cas. Co. v. Petroleum Solutions, Inc.*, 629 F. Supp.2d 759, 762 (S.D. Tex. 2009); *In re Radmax*, 720 F.3d 285, 289 (5th Cir. 2013) (a travel distance of sixty-two miles between the Marshall Division (where the case was filed) and the Tyler Division (where the witnesses resided) weighed in favor of transfer to the Tyler Division for purposes of convenience).

Here, Plaintiff generically asserts in its Complaint that "[a] substantial part of the events and omissions giving rise to the claim in this suit occurred in Travis County, Texas," but provides *zero* facts in support of the same. [Dkt. 1 at p. 2]. As Plaintiff admits in its Complaint, Defendant resides in San Angelo. The Letter of Assent referenced in Plaintiff's Complaint was executed, and subsequently revoked, by A.S.H.'s co-owners Adam Johnke and Shannon Carpenter, both of whom reside in San Angelo. *See* [Dkt. 1 at p. 2, ⁋ 6]; Exh. A at ⁋⁋ 3, 5, 8.

*[continued next page]*

LETTER OF ASSENT - A

In signing this letter of assent, the undersigned firm does hereby authorize[1] Central Texas Chapter, NECA as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved[2] Inside labor agreement between the [1] Central Texas Chapter, NECA and Local Union[3] 520, IBEW.

In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements. This authorization, in compliance with the current approved labor agreement, shall become effective on the[4] 13th day of May, 2021.

It shall remain in effect until terminated by the undersigned employer giving written notice to the [1] Central Texas Chapter, NECA and to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement.

The Employer agrees that if a majority of its employees authorize the Local Union to represent them in collective bargaining, the Employer will recognize the Local Union as the NLRA Section 9(a) collective bargaining agent for all employees performing electrical construction work within the jurisdiction of the Local Union on all present and future jobsites.

In accordance with Orders issued by the United States District Court for the District of Maryland on October 10, 1980, in Civil Action HM-77-1302, if the undersigned employer is not a member of the National Electrical Contractors Association, this letter of assent shall not bind the parties to any provision in the above-mentioned agreement requiring payment into the National Electrical Industry Fund, unless the above Orders of Court shall be stayed, reversed on appeal, or otherwise nullified.

SUBJECT TO THE APPROVAL OF THE INTERNATIONAL PRESIDENT, IBEW

A.S.H. Electrical Services, LLC
[5] Name of Firm

P.O. Box 61905
Street Address/P.O. Box Number

San Angelo Texas
City, State (Abbr.) Zip Code

[6] Federal Employer Identification No. 82-4418735

APPROVED
INTERNATIONAL OFFICE - I.B.E.W.
May 18, 2021
Lonnie R. Stephenson, Int'l President
This approval does not make the International a party to this agreement

SIGNED FOR THE EMPLOYER Adam C Johnke - Co-Owner
BY[7] Shannon Carpenter - Co-Owner (original signature)
NAME[8] Shannon Carpenter Adam Johnke
TITLE/DATE Co-Owners 5-13-2021

SIGNED FOR THE UNION[3] 520, IBEW
BY[7] [signature] (original signature)
NAME[8] Ben Brenneman
TITLE/DATE Business Mgr./Financial Secretary

Additionally, Plaintiff's primary witness with knowledge relevant to the facts underlying Plaintiff's suit is Mr. Campbell who is in San Angelo as well.

December 27, 2023

VIA CMRRR #9414 7266 9904 2221 4527 24
I.B.E.W. Local Union 520
Attn: Diarmid Campbell
909 Caddo Street
San Angelo, Texas 76901

VIA CMRRR #9414 7266 9904 2221 4527 31
Central Texas Chapter, NECA
Attn: Don Kanetzky
4000 Caven Road
Austin, Texas 78744

Re: Confirmation of May 30, 2023 Termination of Letter of Assent-A, Labor Agreement, and Bargaining Rights Assigned to NECA and IBEW, Local Union No. 520

Key witnesses work and reside in or near San Angelo. There are no known witnesses in or around Austin.

Further, traveling from San Angelo to Austin will be difficult for witnesses. Most witnesses would be individuals working weekday 9:00 a.m. - 5:00 p.m. shifts. Most witnesses

work in residential or commercial environments and being away from their jobs for a few hours for a deposition would be feasible in San Angelo, but not if they would have to drive three and a half plus hours (**over 200 miles**) from San Angelo to Austin and miss extended periods of work time. Thus, transferring the case from Austin, Texas to San Angelo, Texas would be more convenient for witnesses. Clearly, the minimal time and expense for witnesses to travel within San Angelo makes the Northern District of Texas, San Angelo Division, a more convenient forum for all witnesses, especially considering that *no witnesses are located in the Austin Division.* The convenience of the witnesses—generally considered the most important factor—heavily weighs in favor of transfer.

**2. The Relative Ease of Access to Sources of Proof.**

None of the evidence in this case is located in the Austin Division. When none of the sources of proof are located in the venue where the lawsuit was filed, and some or all of the sources of proof are located in the destination venue, the "relative ease of access" factor weighs in favor of transfer, even if the distance between the two venues is minimal. *See Radmax*, 720 F.3d at 288 (factor weighed in favor of transfer where all documents and physical evidence were located in destination venue sixty-two miles away); *Perry v. Autocraft Investments, Inc.*, 2013 U.S. Dist. Lexis 92989, at *5-6 (S.D. Tex. July 2, 2013) ("[A]lthough the inconvenience of obtaining sources of proof in the Galveston Division may be slight, Houston's relatively easier access to evidence favors transfer.").

The key evidence in this case—the CBA, the Letter of Assent, and A.S.H.'s two bargaining unit contractors/IBEW's members—was all created and/or are accessible, or arose, at A.S.H.'s headquarters in San Angelo, Texas. Any records related to A.S.H.'s two bargaining unit contractors/IBEW's members would be located in San Angelo as well. Accordingly, this private

interest factor weighs in favor of transfer. *See Volkswagen I*, 545 F3d at 311.

**3. The Availability of Compulsory Process to Secure the Attendance of Witnesses.**

Notably, most of the key witnesses are more than likely not located within the subpoena power of this Court in the Austin Division. Specifically, since the A.S.H.'s co-owners and two bargaining unit contractors/IBEW's members work or live in or around San Angelo, Texas, they are located more than 100 miles from Austin and are outside this Court's subpoena power for deposition under Federal Rule of Civil Procedure ("FRCP") 45(c)(1)(A). *See* FED. R. CIV. P. 45. Further, any trial subpoenas requiring these nonparty witnesses to travel more than 100 miles would be subject them to substantial expenses as prohibited by FRCP 45(c)(1)(B), and such subpoenas would be subject to motions to quash under FRCP 45(d)(3)(A)(ii) and (iv). *See id*. Accordingly, the fact that every witness is likely beyond the subpoena power of the Court weighs in favor of transfer. *See In re Volkswagen AG*, 371 F.3d 201, 205 n.4 (5th Cir. 2004).

**4. All Other Practical Problems that Make the Trial of a Case Easy, Expeditious, and Inexpensive.**

If necessary, this case is most inexpensively tried in the Northern District of Texas, San Angelo Division. That is where most, if not all, witnesses reside, thus limiting the time and expense of travel. Accordingly, this private interest factor also weighs in favor of transferring the case to the San Angelo Division.

**5. The Local Interest in Having Localized Interests Decided at Home.**

"The place of the alleged wrong is of primary importance in the Court's venue determination." *Speed v. Omega Protein, Inc.*, 246 F. Supp. 2d 668, 675 (S.D. Tex. 2003); *see also Radmax*, 720 F.3d at 288 (holding that "the local interest factor weighs solidly in favor of transfer" where the events transpired and the parties resided in the destination venue).

Here, the alleged wrong occurred in or around San Angelo, within the Northern District

of Texas, San Angelo Division, and thus the San Angelo Division has a direct interest in this dispute. Plaintiff's primary complaint is that A.S.H. has "refus[ed] to sign, implement, and comply with the New CBA," causing Plaintiff and its members harm, such as allegedly being "deprived of the benefit of a contract negotiated on behalf of [Plaintiff's] members." [Dkt. 1 at p. 5, ⁋ 18]. The alleged "harm" is not occurring, and did not occur, in the Western District of Texas or the Austin Division. As a result, the Western District and the Austin Division have no interest in a dispute where no party or witness resides in Austin and the alleged wrong occurred elsewhere. The predominant interest of the San Angelo Division over this matter, coupled with the absence of any connection with this Court, weighs in favor of transfer. *See Omega Protein, Inc.*, 246 F. Supp. 2d at 675.

## III. <u>PRAYER FOR RELIEF</u>

Defendant respectfully requests that this Court enter an Order transferring this matter to the Northern District of Texas, San Angelo Division, under 28 U.S.C. §§ 1406(a) or 1404, and further prays for their costs and for all other just and equitable relief to which it is entitled.

* * * * *

Dated: January 5, 2026

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Jonathan Elifson*
Jonathan Elifson
Texas Bar No. 24096065
Jonathan.Elifson@jacksonlewis.com
**JACKSON LEWIS P.C.**
500 N. Akard St., Suite 2500
Dallas, Texas 75201
Telephone: (214) 520-2400
Facsimile: (214) 520-2008

And

Nathaniel J. Higgins
Texas Bar No. 24087720
Nathaniel.Higgins@jacksonlewis.com
Jackson Lewis P.C.
717 Texas Avenue, Suite 1700
Houston, Texas 77002
Telephone: (713) 650-0404
Facsimile: (713) 650-0405

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I hereby certify that Defendant conferred with Plaintiff's counsel regarding the relief sought herein on December 31, 2025, and he stated that Plaintiff is opposed.

*/s/ Nathaniel J. Higgins*
Nathaniel J. Higgins

## CERTIFICATE OF SERVICE

I certify that on January 5, 2026, I electronically filed the foregoing document and that it is available for viewing and downloading from the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

*/s/ Jonathan Elifson*
Jonathan Elifson

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 520,** | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO. 1:25-cv-1643** |
| **v.** | § | |
| **A.S.H. ELECTRICAL SERVICES, LLC,** | § | |
| *Defendant.* | § | |

**DECLARATION OF ADAM C. JOHNKE**

1. My name is Adam C. Johnke, I am over the age of eighteen (18) year, and fully competent to make this declaration.

2. The facts in this Declaration are within my personal knowledge and are true and correct, and I am qualified to make the statements in this Declaration.

3. I am the Co-Owner of A.S.H. Electrical Services, LLC ("A.S.H."). A.S.H. has one office, which is located at 3214 Sunset Dr, San Angelo, TX 76904. A.S.H. maintains its principal place of business at the aforementioned address. A.S.H. has at all times maintained its office and principal place of business in San Angelo, Texas and solely operates out of San Angelo, Texas.

4. A.S.H. focuses on providing electrical services to residential and commercial clients within the San Angelo area via licensed electrical contractors.

5. As Co-Owner of A.S.H., I am very familiar with A.S.H.'s employment practices, including the negotiation and handling of collective bargaining agreements for its two unionized employees, both of whom work and reside in San Angelo, Texas. I am also very familiar with A.S.H.'s business operations and where it conducts business within the United States.

6. A.S.H. does not maintain an office, bank accounts, post office box, registered agent or place of business in Travis County, or the Western District of Texas, Austin Division.

7. All decisions regarding A.S.H.'s business operations, including but not limited to collective bargaining, are made from its corporate headquarters located in San Angelo, Texas.

8. As Co-Owner of A.S.H., and because I am involved in the day-to-day operations of A.S.H., I am familiar with the Collective Bargaining Agreement ("CBA") at issue in this case, including all engagements with Plaintiff International Brotherhood of Electrical Workers, Local 520 ("Plaintiff" or "IBEW"). IBEW's Assistant Business Manager, Diarmid Campbell ("Mr. Campbell"), was the primary IBEW contact A.S.H. engaged with regarding the CBA. All events concerning the CBA would have occurred in San Angelo, Texas where both A.S.H. and Mr. Campbell reside. None of the events alleged to give rise to IBEW's claims could have occurred in Travis County or the Western District of Texas.

9. All documents in A.S.H.'s possession, which relate to IBEW and the CBA at issue in this case, are located at A.S.H.'s headquarters in San Angelo, Texas.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on December 22, 2025.

Adam Johnke