IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF § <br> ELECTRICAL WORKERS, LOCAL 520, § <br>       Plaintiff, § <br> § <br> v. § <br> § <br> A.S.H. ELECTRICAL SERVICES, LLC, § <br>       Defendant. § | CIVIL ACTION NO. 1:25-cv-01643-DAE |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE**

TO THE HONORABLE COURT:

Plaintiff files this response in opposition to Defendant's Motion to Transfer Venue (Document 16).

### INTRODUCTION AND BACKGROUND

In its Motion, Defendant contends that "This matter involves a Collective Bargaining Agreement ("CBA") and two bargaining unit employees, both of which work for A.S.H., and reside, in San Angelo." *MTV* at 2. However, the two current employees are not even mentioned in Local 520's Complaint or Defendant's Counterclaim; they are not a subject of the dispute.

This case is really about whether a CBA imposed on the parties through interest arbitration is valid and enforceable. Local 520 contends that it is; Defendant contends that it is not.

The key provision of that CBA requires Defendant to hire covered employees through Local 520's hiring hall in Austin. The vast majority of the workers eligible to be hired to work under the CBA reside in the counties covered by the Austin Division. *Exhibit 1*, *Declaration of Jonathan Murray*, ¶¶ 2–5.

Local 520 is headquartered in Austin, and its staff members who reside in Austin are key witnesses in the case.

1

## ARGUMENTS AND AUTHORITIES

Defendant's Motion argues that (1) venue is improper in Austin and (2) even if venue is proper in Austin, Defendant has shown good cause to transfer the case to San Angelo.

Defendant has waived the argument that venue is improper in Austin by failing to make that argument in a motion under FED. R. CIV. P. 12 and failing to include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course. FED. R. CIV. P. 12(h)(1). In Defendant's Answer and Counterclaim, it conceded that "Venue is proper in this Court under 28 U.S.C. § 1391." *Document 6*, at p.9, ¶1.

With respect to the argument that was not waived, Defendant bears the burden of establishing good cause for transferring the case by demonstrating that San Angelo is clearly more convenient than Local 520's chosen venue in Austin. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). As Defendant's Motion notes, the analysis involves a preliminary inquiry concerning whether the suit "might have been brought" in San Angelo, followed by consideration of four private interest factors and four public interest factors. *Id.* at 312, 315–318; *In re Clarke*, 94 F.4th 502, 509 (5th Cir. 2024). The Fifth Circuit has noted that "No factor is of dispositive weight." *In re Clarke*, 94 F.4th at 509.

Local 520 agrees that the preliminary inquiry is satisfied because the case might have been brought in San Angelo, but Defendant has failed to show that the eight factors lead to a conclusion that San Angelo is clearly a more convenient venue than Austin.

The first private interest factor involves the accessibility of documents, physical evidence, and other non-witness proof relevant to the litigation. *SQIP, LLC v. Cambria Co., LLC*, 728 F. Supp. 3d 447, 453 (E.D. Tex. 2024). This factor does not weigh in favor of transfer. Defendant's Motion incorrectly states that "None of the evidence in this case is located in the Austin Division."

2

*MTV* at 7. The truth is that while Defendant maintains its official records in San Angelo, Local 520 maintains its official records—including the CBA, the Letter of Assent, the correspondence between the parties concerning their bargaining relationship, and the interest arbitration award at the heart of this case—at its headquarters in Austin. *Exhibit 2*, *Declaration of Ben Brenneman*, ¶ 2. These documents have all been produced electronically in this litigation and are readily available to use in Austin.

The second private interest factor considers each court's ability to compel witness attendance through subpoena power; it weighs in favor of transfer if more <u>third-party witnesses</u> reside within the San Angelo Court's subpoena power than in the Austin Court's subpoena power. *In re Volkswagen*, 545 F.3d at 315–16; *Qualls v. Prewett Enterprises, Inc.*, 594 F.Supp.3d 813, 824 (S.D. Tex. 2022). This factor also does not weigh in favor of transfer. Defendant does not allege that any non-party witnesses reside in San Angelo, and Local 520 similarly does not rely on non-party witnesses.

The third private interest factor is "the cost of attendance for willing witnesses." *In re Volkswagen*, 545 F.3d at 315. This factor also does not weigh in favor of transfer. Defendant has two co-owner witnesses that could have to travel to Austin if the case continues to be litigated in Austin. Local 520 likewise has two key witnesses in Austin that could have to travel to San Angelo if the case were transferred there. Jonathan Murray, the Vice President of an Assistant Business Manager for Local 520, will testify to the dispatching of workers and apprentices by Local 520 to Defendant and about Local 520's efforts to resolve this dispute through the grievance and arbitration process in the CBA. *Exhibit 1*. Ben Brenneman, Local 520's Business Manager, sent and received much of the correspondence pertaining to Defendant's claims about termination of

the bargaining relationship, and he attended and presented argument at the interest arbitration proceeding that led to the award of the CBA at issue in this case. *Exhibit 2*.

The fourth private interest factor examines "all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen*, 545 F.3d at 315. In connection with this factor, Defendant merely repeats its claims about witness travel. *MTV* at 8. As shown above, the same amount of witness travel would also be necessary if the case were transferred to San Angelo, so this factor does not weigh in favor of transfer.

The first, third, and fourth, public interest factors focus on whether trial may be speedier in another court due to less crowded dockets, whether the forum court has particular familiarity with the law that will govern the case, and whether transfer would avoid unnecessary problems in conflict of laws or application of foreign law. *In re Clarke*, 94 F.4th 502, 509 (5th Cir. 2024). Defendant does not claim that any of these factors weigh in favor of transfer.

The second public interest factor considers "the interest of *non-party citizens* in adjudicating the case." *Id.* at 511. Defendant's Motion makes the conclusory statements that "the alleged wrong occurred in or around San Angelo" and that the "alleged 'harm' is not occurring, and did not occur, in the Western District of Texas or the Austin Division" without ever explaining the basis for these claims. *MTV* at 8–9. The truth is that the harm is occurring in the Austin area, with Local 520's Austin hiring hall not being used to furnish employees because of Defendant's refusal to comply with the CBA. This harm primarily falls on residents of the counties covered by the Austin Division, who are not being hired to work under the CBA. *Exhibit 1*, ¶¶ 2–5. As such, this factor also does not weigh in favor of transfer.

## CONCLUSION AND PRAYER

As shown above, none of the eight factors weighs in favor of Defendant's request to transfer this case to San Angelo. The Court should thus deny Defendant's Motion to Transfer Venue.

*Respectfully submitted,*

DEATS DURST & OWEN, PLLC

    /s/ Matt Bachop
Matt Bachop
TBN: 24055127
mbachop@ddollaw.com
2901 Bee Caves Rd., Ste. L
Austin, Texas 78746
(512) 474-6200
FAX (512) 474-7896

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record by the Court's CM/ECF system on this 12th day of January, 2026.

    /s/ Matt Bachop
    Matt Bachop