**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 520,** | § § § § | |
| *Plaintiff,* | § § | **CIVIL ACTION NO. 1:25-cv-1643** |
| **v.** | § § | |
| **A.S.H. ELECTRICAL SERVICES, LLC,** | § § | |
| *Defendant.* | § § | |

<u>**DEFENDANT'S REPLY IN SUPPPORT OF ITS MOTION TO TRANSFER**</u>

On January 5, 2026, Defendant A.S.H. Electrical Services, LLC ("Defendant") filed its Motion to Transfer. [Dkt. 16]. On January 12, 2026, Plaintiff IBEW Local 520 ("Plaintiff") filed its Response in Opposition [Dkt. 17]. Defendant files this Reply in Support of its Motion to Transfer.  As stated in Defendant's Motion, the Court should transfer for improper venue in the interest of justice.  Alternatively, the Court should transfer this matter on the basis that the San Angelo Division of the Northern District of Texas is clearly more convenient.

As a threshold matter, Defendant did not waive its argument regarding improper venue.  In its Answer and Counterclaim [Dkt. 6], Defendant states that "Defendant denies that a substantial part of the events and omissions giving rise to the claim in this suit occurred in Travis County, Texas;" and further, that "venue is proper in the San Angelo Division of the Northern District of Texas."  It is not in dispute that Defendant resides in Tom Green County within the Northern District of Texas rather than within the Austin Division of the Western District of Texas; therefore, no defendant resides in the district where the case was filed.  Defendant's owners and Plaintiff's Assistant Business Manager, Diarmid Campbell, the primary contact with whom Defendant

interacted on a day-to-day basis, are based in San Angelo, Texas. *See* Declaration of Adam Johnke, attached to [Dkt 16].   Defendant has no office, bank accounts, post office box, registered agent, or place of business in Travis County or in the Western District of Texas as a whole. *See id.*   In its Answer and Counterclaim, Defendant admitted that venue was proper for its *counterclaim* (as Cross-Defendant resides within the Austin Division of the Western District of Texas), not that venue was proper as to Plaintiff's claim.

Because Plaintiff's action was filed in an improper venue, the Court should transfer venue in the interest of justice.  Should the Court not transfer this matter based on improper venue, it should transfer this matter because the San Angelo Division of the Northern District of Texas is clearly more convenient.  Considered in their totality, the private and public interest factors weigh in favor of transfer.

In its Response, Plaintiff claims that the accessibility of documents and physical evidence, and other non-witness proof relevant to the litigation does not favor transfer.  Plaintiff's Response ignores that in addition to its headquarters in Austion, Plaintiff also has an office in San Angelo which would likely contain at least *some* relevant documents.  As both parties would have at least some documents and physical evidence in San Angelo and Defendant has none within the Western District, this factor weighs in favor of transfer.

Plaintiff also asserts that the respective courts' ability to compel witness attendance does not weigh in favor of transfer.  Defendant has several former employees who worked for Defendant in San Angelo and resided there; see **Exhibit A**. If necessary, the Court could subpoena those former employee witnesses regarding the work they performed for Defendant under the terms of the prior collective bargaining agreement. Therefore, this factor weighs in favor of transfer.

Contrary to Plaintiff's assertions in its Response, the convenience and cost of attendance

for willing witnesses favors also transfer. As stated its Motion, key witnesses from both parties have offices in San Angelo.  Plaintiff's employee, Diarmid Campbell, has an office in San Angelo, Texas. *See* Declaration of Adam Johnke, attached to [Dkt 16]. Additionally, Scott Hopkins, a non-party witness employed by the National Electrical Contractors Association, works in Oklahoma City, OK, which is closer to San Angelo than to Austin; see **Exhibit B.**

Similarly, the "other practical problems" factor weighs in favor of transfer as the individuals who dealt with each other regularly when the terminated CBA was in effect (Defendant's co-owners and Plaintiff's business manager, Diarmid Campbell, all reside in San Angelo.  Therefore, this factor weighs in favor of transfer.

Defendant concedes that three of the public interest factors cited by Plaintiff are neutral: whether trial may be speedier in another court, whether the forum has particular familiarity with the law governing the matter, and to avoid unnecessary problems in conflict of laws or application of foreign law.

However, the final public interest factor, the interest of non-party citizens in adjudicating the case, favors Defendant. As indicated in previous filings, the two non-owner employees of Defendant have filed a decertification petition, and Plaintiff is seeking to enforce the CBA which was imposed through interest arbitration, notwithstanding the filing of the decertification petition. Further, the non-party citizens of San Angelo have an interest in seeing Defendant's business succeed, both for the sake of Defendant and other local businesses and for the individuals it employs.  Therefore, the interest of non-party citizens clearly favors transfer.

Because Plaintiff filed this matter in an improper venue, the Court should transfer it in the interest of justice.  Alternatively, the Court should use its discretion to transfer the matter to the clearly more convenient venue of the San Angelo Division of the Northern District of Texas based

on the weighing of the private and public interest factors.

## **PRAYER FOR RELIEF**

Defendant respectfully requests that this Court enter an Order transferring this matter to the Northern District of Texas, San Angelo Division, under 28 U.S.C. §§ 1406(a) or 1404(a), and further prays for their costs and for all other just and equitable relief to which it is entitled.

Dated:  January 20, 2026                    Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Jonathan Elifson*
Jonathan Elifson
Texas Bar No. 24096065
Jonathan.Elifson@jacksonlewis.com
**JACKSON LEWIS P.C.**
500 N. Akard St., Suite 2500
Dallas, Texas 75201
Telephone: (214) 520-2400
Facsimile: (214) 520-2008

And

Nathaniel J. Higgins
Texas Bar No. 24087720
Nathaniel.Higgins@jacksonlewis.com
Jackson Lewis P.C.
717 Texas Avenue, Suite 1700
Houston, Texas 77002
Telephone: (713) 650-0404
Facsimile:  (713) 650-0405

**ATTORNEYS FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

 I certify that on January 20, 2026, I electronically filed the foregoing document and that it is available for viewing and downloading from the CM/ECF system.  I further certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

*/s/ Jonathan Elifson*
Jonathan Elifson
