IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 520, | § § § § | NO. 1:25-CV-1643-DAE |
| Plaintiff, | § § | |
| vs. | § § | |
| A.S.H. ELECTRICAL SERVICES, LLC, Defendant. | § § § | |

ORDER HOLDING MOTION TO WITHDRAW IN ABEYANCE

Before the Court is the Motion to Withdraw filed by Defendant's counsel, Jonathan Elifson and Nathaniel Higgins, on February 2, 2026. (Dkt. # 21.) Counsel previously moved to withdraw on January 26, 2026 (Dkt. # 19), which the Court denied for failure to comply with Local Rule AT-3 (Dkt. # 20).

Defendant's counsel has now complied with Local Rule AT-3 and obtained the signature and contact information for Defendant A.S.H. Electrical Services, LLC. However, the motion still represents that Defendant does not have substitute counsel. In federal court, a corporation is not permitted to proceed *pro se*. See Rabin v. McClain, No. SA-10-CV-981-XR, 2011 WL 3793939, at *2 (W.D. Tex. Aug. 25, 2011). A corporation, as a fictional legal person, can only be represented by licensed counsel. Id. (citing Donovan v. Road Rangers Country

Junction, Inc., 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam)).  Additionally, in accordance with the Scheduling Order (Dkt. # 13), Defendant is expected to respond to Plaintiff's offer of settlement in writing by February 18, 2026.  The Court therefore is loath to allow Defendant to proceed unrepresented as a corporation in federal court with upcoming deadlines.

Therefore, the Court will hold the Motion to Withdraw in abeyance until Defendant's substitute counsel makes an appearance in the case.  Defendant's substitute counsel is **ORDERED** to appear **on or before March 7, 2026**.

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, February 5, 2026.

_____
David Alan Ezra
Senior United States District Judge