**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **INTERNATIONAL BROTHERHOOD** | § | |
| **OF ELECTRICAL WORKERS,** | § | |
| **LOCAL 520** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:25-cv-1643** |
| | § | |
| **A.S.H. ELECTRICAL SERVICES,** | § | |
| **LLC** | § | |

**DEFENDANT'S UNOPPOSED MOTION TO MODIFY SCHEDULING ORDER**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant A.S.H. Electrical Services, LLC files this Motion to Modify Scheduling Order

(ECF 13) and in support hereof states as follows:

### REQUESTED RELIEF

Defendant seeks a sixty (60) day extension of the discovery deadline and a thirty (30) day

extension of the dispositive motion deadline, after the conclusion of discovery, for a total

extension request of 90 days.

### PROCEDURAL HISTORY

1.    Plaintiff filed its Original Complaint on October 13, 2025. (ECF 1).

2.    Defendant filed its Original Answer and Counterclaim on November 6, 2025.

(ECF 6).

3.    The Court entered a Scheduling Order setting various deadlines in this case on

December 10, 2025. (ECF 13).

4.    Defendant's prior counsel filed its first Motion to Withdraw as Counsel on

January 26, 2026. (ECF 19). This motion was denied on January 27, 2026. (ECF 20).

5.      Prior counsel filed their second Motion to Withdraw as Counsel on February 2, 2026. (ECF 21).

6.      Prior counsel was allowed to withdraw as counsel on March 31, 2026. (ECF 27). According to the Pacer docket, this order was signed on March 31, but was not entered on the docket until April 1, 2026.

7.      Undersigned counsel filed his Notice of Appearance as counsel for Defendant A.S.H. Electrical Services, LLC on April 14, 2026. (ECF 28).

8.      The deadline for discovery under the current scheduling order is May 6, 2026 and the dispositive motion deadline is June 4, 2026. (ECF 13).

**ARGUMENT AND AUTHORITIES**

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified for good cause and with the judge's consent. The good cause standard requires that a party seeking relief show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. *Southwestern Bell Tel. Co. v. City of El Paso*, 436 F.3d 541, 546 (5th Circ. 2003). In evaluating whether good cause exists, courts consider four factors: (1) the explanation of the failure to timely comply with the scheduling order; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; (4) the availability of a continuance to cure any prejudice. *Id*., at 547. If good cause is shown, the court may then apply the more lenient rule 15(a) standard to determine whether leave to amend should be granted. *S&W Enters v. Southtrust Bank of Ala*, 315 F.3d 533, 536 (5th Cir. 2003).

The discovery deadline for this case is May 6, 2026. The dispositive motions deadline is June 5, 2026. Prior counsel served written discovery on Plaintiff on April 1, 2026. The Court's order granting the Motion to Withdraw as counsel was signed on March 31 but not docketed

until April 1, 2026. Plaintiff's counsel insisted the discovery be withdrawn as prior counsel was no longer attorney of record. Prior counsel complied with this demand. (Exh. 1). Defendant, while he was unrepresented also attempted to serve the discovery requests prepared by prior counsel. He too was required to withdraw those requests by Plaintiff's counsel because he was not a lawyer and was not allowed to represent himself pro se. (Exh. 2). Therefore, there is no written discovery from Defendant to which Plaintiff is required to answer by the Federal Rules of Civil Procedure.

There is not sufficient time between now and the discovery deadline of May 6 for Defendant's new counsel to learn and evaluate the case, issue written discovery and have it answered before the discovery deadline. Even if Plaintiff agreed to answer written discovery after the deadline, there is insufficient time for Defendant to receive those answers and responsive documents, evaluate them and prepare a dispositive motion by June 4, 2026.

Unless the scheduling order is modified to allow Defendant additional time to conduct discovery and additional time to file a dispositive motion, Defendant will be unfairly prejudiced in defending this case properly and prosecuting its counterclaim. It will not have available relevant documents and correspondence from Plaintiff regarding this dispute and their legal and factual contentions. The prejudice to Plaintiff is minimal as it will only require a short delay, no other deadlines are asked to be extended.. Defendant's counsel conferred with Plaintiff's counsel and has been informed Plaintiff does not oppose Defendant's request for an extension.

WHEREFORE, Defendant requests that the Court grant this motion to modify scheduling order by extending the discovery deadline by sixty (60) days and the dispositive motions deadline by ninety (90) days.

Respectfully submitted,

By: /s/ *Jon Mark Hogg*
       Jon Mark Hogg
       State Bar No. 00784286


JON MARK HOGG PLLC
1 East Twohig Ave, 2nd Floor
San Angelo, Texas 76903
(325) 777-0455
jmh@jmhogglaw.com

ATTORNEY FOR DEFENDANT A.S.H.
ELECTRICAL SERVICES


## CERTIFICATE OF CONFERENCE

Counsel for Defendant conferred with Plaintiff's Counsel regarding the subject matter of this motion on April 15, 2026 and April 24, 2026.  Plaintiff does not oppose this motion.


/s/ Jon Mark Hogg
Jon Mark Hogg


## CERTIFICATE OF SERVICE

This is to certify that on April 24, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record on file.


/s/ *Jon Mark Hogg*
Jon Mark Hogg