**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION**

| | | |
|---|---|---|
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 520, Plaintiff,** | § § § | |
| **v.** | § § § | **CIVIL ACTION NO. 1:25-cv-1643** |
| **A.S.H. ELECTRICAL SERVICES, LLC, Defendant.** | § § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE ANSWER TO DEFENDANT'S COUNTERCLAIM**

TO THE HONORABLE SENIOR UNITED STATES DISTRICT JUDGE:

Comes now Plaintiff, International Brotherhood of Electrical Workers, Local 520, and files this motion for leave under FED. R. CIV. P. 6(b)(1)(B), 15(a)(2) to file its Answer to the Defendant's Counterclaim.

## I. INTRODUCTION AND BACKGROUND

On November 6, 2025, Defendant filed its "Answer and Counterclaim to Plaintiff's Original Complaint." In its counterclaim, Defendant raised no new issues and presented the inverse of the positions in Plaintiff's complaint. *See Def.'s Answer and Countercl. to Pl.'s Orig. Compl.*; *see also Pl's Orig. Compl.* Because Defendant's counterclaim only disputed the same issues, Plaintiff's counsel did not believe that he was required to file a response to Defendant's counterclaim.

## II. ARGUMENTS AND AUTHORITIES

This motion requests leave to file the answer out of time made pursuant to the "excusable neglect" standard under FED. R. CIV. P. 6(b)(1)(B). The Supreme Court has established that the determination of "excusable neglect" is fundamentally an equitable determination, "taking account

of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Court in *Pioneer* identified four non-exclusive factors to consider in making the determination: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* Furthermore, the Court emphasized that "excusable neglect" is a somewhat "elastic concept" not limited strictly to omissions caused by circumstances beyond the movant's control, and that it encompasses both simple, faultless omissions to act and omissions caused by carelessness. *Id.* at 381–88.

In applying the *Pioneer* factors to the present case, there is no prejudice to the Defendant in granting Plaintiff's motion for leave, because Defendant has known Plaintiff's positions all along. There would be no delay and no impact on the proceedings, and the reason for the delay rests solely on Plaintiff's counsel. Additionally, Plaintiff has acted in good faith by being up front about all its positions throughout the litigation process.

The present case is analogous to *Information Systems and Networks Corp. v. U.S.*, in which the Federal Circuit found excusable neglect where counsel stated he believed that he was not required to file an answer to the government's counterclaim. 994 F.2d 792, 797 (Fed. Cir. 1993). The contractor had diligently pursued the action in every other regard, and, critically, the contractor's complaint was essentially a defense to the counterclaim because it disputed the same liability and alleged that the government had breached the contract. *Id.* The court held that this substantive overlap negated any idea of willfulness and that the failure to timely file an answer had little, if any, substantive significance for the litigation. *Id.*

Much like the contractor in *Info. Sys. & Networks Corp.*, Plaintiff has diligently pursued this action in every other regard but had not responded to Defendant's counterclaim because Plaintiff's counsel did not believe that an answer was required. This was because, as stated above, Defendant's counterclaim did not raise any new issues and only presented an inverse to the positions in Plaintiff's complaint.

## II. CONCLUSION AND PRAYER FOR RELIEF

For these reasons, Plaintiff requests that the Court grant its motion for leave and order the Clerk to file Plaintiff's Answer to Defendant's Counterclaim, which is attached as Exhibit 1 to this motion.

*Respectfully submitted,*

DEATS DURST & OWEN, PLLC

*/s/ Matt Bachop*

Matt Bachop
TBN: 24055127
mbachop@ddollaw.com
2901 Bee Caves Rd., Ste. L
Austin, Texas 78749
(512) 474-6200
FAX (512) 474-7896

Attorney for Plaintiff

## CERTIFICATE OF CONFERENCE

This is to certify that I discussed this motion with Defendant's counsel, who stated that the relief sought is opposed.

*/s/ Matt Bachop*
Matt Bachop

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record by the Court's CM/ECF system on this 18th day of August, 2026.

*/s/ Matt Bachop*
Matt Bachop