**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 16**

**A.S.H. ELECTRICAL SERVICES, LLC**

**Employer/Petitioner**

**and** **Case 16-RM-362398**

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION 520**

**Union**

## DECISION AND ORDER DISMISSING PETITION AND WITHDRAWING NOTICE OF REPRESENTATION HEARING

On March 24, 2025, A.S.H. Electrical Services, LLC (Employer/Petitioner) filed the instant RM petition (Petition) claiming good faith uncertainty about majority support for its existing relationship with the International Brotherhood of Electrical Workers, Local Union 520 (Union). On March 27, 2025, I issued an Order to Show Cause requesting that the parties show written cause as to whether a question concerning representation exists. On March 30, 2025, the Employer/Petitioner and the Union provided timely written responses.

For the reasons discussed below, a question concerning representation does not exist. Accordingly, I am dismissing the Petition.

## FACTS AND PARTIES' POSITIONS

On May 13, 2021, the Employer, the Union, and Central Texas Chapter, National Electrical Contractors Association (NECA) signed "Letter of Assent – A." The Employer authorized NECA as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved inside labor agreement between NECA and the Union. The Letter of Assent's prospective recognition clause reads, "[I]f a majority of its employees authorize the Local Union to represent them in collective bargaining, the Employer will recognize the Local Union as the NLRA Section 9(a) collective bargaining agent for all employees…"

At the time the parties executed the Letter of Assent, the Employer had not hired any employees. The current labor agreement between the NECA and the Union is effective June 2, 2022, through June 1, 2025.

In their respective responses to the Order to Show Cause, the parties agreed that the Union has never made a demand for recognition as the majority-supported representative of the Employer's employees under Section 9(a) of the Act.

Despite the above, the Employer takes the position that the relationship between the parties is governed by Section 9(a) of the Act because, *inter alia*, 1) on at least nine occasions the Union

submitted Job Referral Assignment slips, Deduction Authorizations, and COPE Authorizations; 2) the Union rebuffed the Employer's attempts to withdraw from the Letter of Assent and labor agreement by attempting to negotiate a successor agreement; 3) the Employer made payments to the Union's Health & Welfare Fund/Multi-Employer Pension Plan; 4) the Union demanded the Employer obtain a surety bond; and 5) employees revoked the authority of the Union to assess working dues and have ceased membership and no longer pay dues to the Union.

The Union posits it has never made a claim of a majority support. The Union contends that the Letter of Assent has a prospective recognition clause, but the relationship remains governed by Section 8(f) of the Act until the Union presents the Employer with proof that a majority of its employees authorized them as their bargaining representative. The Union denies having presented the Employer such proof and contends that for this reason the petition should be administratively dismissed.

## ANALYSIS

Section 9(c)(1)(B) of the Act permits representation elections on the petition of an employer *only* when that employer has been presented with a claim of *majority* status by "one or more individuals or labor organizations." *Albuquerque Insulation Contractor*, 256 NLRB 61, 62 (1981) (emphasis in original); See also *Matson Siding, Inc.*, 19-RM-310277 (2023)(unpublished)(denying review of Regional Director's decision to administratively dismiss petition because union did not demand recognition as the majority representative under 9(a)). Likewise, Section 102.61(b)(8) of the Board's Rules and Regulations requires that an employer filing an RM petition include "[e]vidence supporting the statement that a labor organization has made a demand for recognition," and that "[s]uch evidence shall be filed together with the petition." It is an employer's burden to establish that a union has made a present demand for recognition as the majority representative in the unit covered by the employer's RM petition. *Brylane, L.P.*, 338 NLRB 538, 542 (2002).

By taking the position that the relationship is governed by Section 9(a) of the Act, the Employer implicitly contends that it has met the requirements of Section 102.61(b)(8). The burden of proving the existence of a 9(a) relationship rests with the party asserting it. *John Deklewa & Sons,* 282 NLRB 1375 (1987) enfd. sub nom. *Ironworkers Local 3 v. NLRB,* 842 F.2d 770 (3d Cir. 1988). I find that the Employer has failed to meet its burden in establishing that the relationship with the Union is governed by Section 9(a) of the Act.

The Employer suggests, but does not explicitly argue, that the Letter of Assent's prospective recognition clause establishes the parties have a Section 9(a) relationship. While the Board gives effect to prospective recognition clauses, the relationship is not converted from Section 8(f) to 9(a) until the union provides reliable proof of majority status. *J.T. Thorpe & Son, Inc. & Laborers Int'l Union of N. Am., Loc. 295*, 356 NLRB 822, 824 (2011). Here, the evidence is insufficient to establish the Union provided reliable proof of majority status. The Job Referral Assignment Slips, Dues Deduction Authorization, and COPE Authorizations are largely unsigned. They span nearly three years and do not allow for a determination of when, if ever, a majority status was reached. Even assuming *arguendo* they were signed and appropriately dated, the plain language of the documents do not clearly evidence that the employees authorized the Union as their collective bargaining representative.

The Employer contends that the Union's actions in rebuffing its attempt to withdraw from the Letter of Assent and labor agreement and seeking a successor contract establish a Section 9(a) relationship. The Board has found that a union's request to execute a new collective-bargaining agreement or its conduct in pursuing its grievance and arbitration claims against the employer to enforce an existing contract does not amount to a demand for recognition within the meaning of Section 9(a). *Western Pipeline, Inc*., 328 NLRB 925, 927 (1999).

The Employer further contends that by making payments to the Union's Health & Welfare Fund/Multi-Employer Pension Plan and demanding the Employer obtain a surety bond, the parties established a Section 9(a) relationship. The labor agreement contains language related to the Employer's obligation to contribute to the Health & Welfare Fund (Article VI, Section 6.11), annuity plan (Article VIII) and to carry an indemnity and welfare bond (Article II, Section 2.03(a)). To the extent the Employer argues this amounts to the Union enforcing the labor agreement, this fails to establish a demand for recognition within the meaning of Section 9(a). *Id.*

Finally, the Employer contends that its employees ceasing dues deductions and revoking their membership establishes the parties' relationship is governed by Section 9(a) of the Act. However, the fact that its employees ceased paying dues and revoked their membership does not establish that the Union made a demand for recognition within the meaning of Section 9(a).

In sum, the Employer has not established that the Union has made a demand for recognition, either directly or implicitly, as the majority-supported representative of its employees under Section 9(a) of the Act. Consequently, the Employer has not met the requirements of Section 102.61(b)(8). For these reasons, no question concerning representation exists.

Accordingly, I am dismissing the Petition.

## ORDER

**IT IS HEREBY ORDERED** that the petition in this matter is dismissed.

**IT IS FURTHER ORDERED** that the previously issued Notice of Representation Hearing and Order Rescheduling the Hearing in this matter are withdrawn.

## RIGHT TO REQUEST REVIEW

Pursuant to Section 102.67(c) of the Board's Rules and Regulations, any party may file with the Board in Washington, D.C., a request for review of this Decision. The request for review must conform with the requirements of Sections 102.67 of the Board's Rules and must be received by the Board in Washington by ten business days from the date of the final decision of the Regional Director in this case.

A request for review must be E-Filed through the Agency's website and may not be filed by facsimile. To E-File the request for review, go to www.nlrb.gov, select E-File Documents, enter the NLRB Case Number, and follow the detailed instructions. If not E-Filed, the request for review should be addressed to the Executive Secretary, National Labor Relations Board, 1015 Half Street

SE, Washington, DC 20570-0001, and must be accompanied by a statement explaining the circumstances concerning not having access to the Agency's E-Filing system or why filing electronically would impose an undue burden. A party filing a request for review must serve a copy of the request on the other parties and file a copy with the Regional Director. A certificate of service must be filed with the Board together with the request for review

**DATED** at Fort Worth, Texas, this 3rd day of April 2025.

Timothy L. Watson
Regional Director
National Labor Relations Board
Region 16
Fritz G. Lanham Federal Building
819 Taylor Street, Room 8A24
Fort Worth, TX 76102-6178