**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 16**

**A.S.H. ELECTRICAL SERVICES, LLC**

**Employer**

**and** **Case 16-RD-374302**

**JARED LANE ELKINS, AN INDIVIDUAL**

**Petitioner**

**and**

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION 520**

**Union**

**ORDER TO SHOW CAUSE AND RESCHEDULING REPRESENTATION HEARING**

On September 30, 2025, Jared Lane Elkins, an Individual, (Petitioner) filed the instant RD petition seeking to decertify the International Brotherhood of Electrical Workers, Local Union 520 (Union) as representative of employees of A.S.H. Electrical Services (Employer).

There is a dispute as to whether a question concerning representation exists. The relevant procedural background of this matter is as follows:[1]

1. On May 13, 2021, the Employer, the Union, and Central Texas Chapter, National Electrical Contractors Association (NECA) signed "Letter of Assent – A." The Employer authorized NECA as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved labor agreement between NECA and the Union.

2. On May 30, 2023, the Employer provided written notice to the Union that it was terminating the Letter of Assent – A.

[1] In recounting this procedural history, I take administrative notice of the contents of the case file in Case 16-RM-362398 and the parties' pleadings in *Int'l Brother of Electrical Workers Local 520 v. A.S.H. Electrical Services, LLC,* No. 1:25-CV-01643 (W.D. Tex. filed Oct. 13, 2025). See, e.g., *Lord Jim's*, 264 NLRB 1098, 1098 fn. 1 (1982) (The Board may take judicial notice of its own files); *J. S. Abercrombie Co*., 83 NLRB 524, 524-525, (1949) (Board takes judicial notice of representation proceeding, noting it "is the practice of the Board to take judicial notice of its own records and proceedings."); *McVey v. McVey*, 26 F. Supp. 3d 980, 984 (C.D. Cal. 2014) (Citing cases and finding judicial notice of pleadings in related case appropriate under FRE 201). To the extent that any party believes the facts described herein are incorrect, they should so state in their submission pursuant to this Order.

3. On December 27, 2023, the Employer provided notice to the Union of its intent to terminate the then-operative Collective Bargaining Agreement (the First CBA) between the Employer and Union.

4. On March 24, 2025, the Employer filed an RM Petition in Case 16-RM-362398 claiming a good faith uncertainty about majority support for the existing relationship.

5. On March 27, 2025, I issued an Order to Show Cause ordering the parties to provide their position, evidence, and legal argument concerning whether the parties had a relationship governed by Section 8(f) or 9(a) of the Act.

6. On April 3, 2025, I issued an Order Dismissing Petition and Withdrawing Notice of Representation Hearing. In that Order I found the Employer failed to establish a Section 9(a) relationship between the Union and Employer under the Act.

7. On or about April 17, 2025, prior to the expiration of the First CBA, the Union invoked an interest arbitration clause contained within the First CBA. The matter was arbitrated and on May 13, 2025, a joint labor-management panel ordered the Employer to sign and implement a new CBA (the Second CBA).

8. On or about May 23, 2025, the Employer requested the joint labor-management panel reconsider its decision. The panel denied the Employer's reconsideration request on June 10, 2025.

9. The First CBA expired on June 1, 2025.

10. To date, the Employer has failed and refused to sign the Second CBA.

11. On October 13, 2025, the Union filed suit in the United States District Court, Western District of Texas seeking to enforce the arbitration award.

12. On November 6, 2025, the Employer filed an Answer and Counterclaim to Plaintiff's Original Complaint. In its pleading, the Employer asserted, *inter alia*, that the labor-management arbitration panel lacked the authority to order the Employer to sign and implement the Second CBA.

13. As a result of the Employer's failure and refusal to sign and implement the Second CBA, and the concomitant District Court litigation over the propriety of such, there is a question of whether there is a current 8(f) relationship between the Employer and Union.

Under Section 9(c)(1) of the Act, a prerequisite to conducting a representation election is the existence of a question concerning representation. Based on the above, there are substantial and material issues of fact and law as to whether further processing of the petition is warranted. Accordingly,

**IT IS HEREBY ORDERED** that any party hereto provide written cause of its legal position and argument as to whether the instant petition warrants further processing. **Any submission should be accompanied by supporting documentary evidence and cite relevant**

**and applicable legal authority**. More specifically, the parties' submissions in response to this Order should address the following matter:

Please provide your position as to the following:

1. Whether the parties currently have a relationship governed by Section 8(f) of the Act.

2. Whether the instant petition should be stayed pending a resolution of the District Court litigation between the Employer and Union.

All submissions to this Order must be in writing and E-filed via the Agency's website, including a showing that the responses were duly served on all other parties, and should be accompanied by supporting documentary evidence and relevant applicable legal authority. All submissions must be received by this office by **4:45 p.m. Central Standard Time** on **November 25, 2025**.

**IT IS FURTHER ORDERED** that the hearing in this matter is rescheduled from 9:00 a.m. on October 8, 2025, to **9:00 a.m. on Wednesday, December 3, 2025, by Videoconference.**

**YOU ARE FURTHER NOTIFIED** that, pursuant to Section 102.63(b) of the Board's Rules and Regulations, **A.S.H Electric Services, LLC, and International Brotherhood of Electrical Workers, Local Union 520,** must complete the Statement of Position and file it and all attachments with the Regional Director and serve it on the parties listed on the petition such that is received by them by no later than **noon** Central time on **Tuesday, December 2, 2025**.

**DATED** at Fort Worth, Texas, this 21st day of November 2025.



Timothy L. Watson
Regional Director
National Labor Relations Board
Region 16
Fritz G. Lanham Federal Building
819 Taylor Street, Room 8A24
Fort Worth, Texas 76102-6178