**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 520** | § § § § | |
| **v.** | § | **CIVIL ACTION NO. 1:25-cv-1643** |
| **A.S.H. ELECTRICAL SERVICES, LLC** | § § § | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE**
**FIRST AMENDED ANSWER AND COUNTERCLAIM**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE DAVID A. EZRA:

Defendant A.S.H. Electrical Services, LLC files this Motion for Leave to File First Amended Answer and Counterclaim and in support hereof states as follows:

**REQUESTED RELIEF**

Defendant asks leave of court to file its First Amended Answer and Counterclaim in order to clarify its position that the CBA terminated on June 1, 2024 and not June 1, 2025, and to address objections to its Motion for Summary Judgment made by Plaintiff asserting that some of Defendant's claims and defenses argued in its Motion for Summary Judgment on its Counterclaim and in its Response to Plaintiff's Motion for Summary Judgment were not pleaded.

**PROCEDURAL HISTORY**

1. Plaintiff filed its Original Complaint on October 13, 2025. (ECF 1).

2. Prior counsel filed Defendant' Original Answer and Counterclaim on November 6, 2025. (ECF 6).

3. The Court entered a Scheduling Order setting various deadlines in this case on December 10, 2025, including an amended pleadings deadline of March 6, 2026. (ECF 13).

4. Defendant's prior counsel filed its first Motion to Withdraw as Counsel on January 26, 2026. (ECF 19). This motion was denied on January 27, 2026. (ECF 20).

5. Prior counsel filed their second Motion to Withdraw as Counsel on February 2, 2026. (ECF 21).

6. Prior counsel was allowed to withdraw as counsel on March 31, 2026. (ECF 27). According to the Pacer docket, this order was signed on March 31 but was not entered on the docket until April 1, 2026.

7. Undersigned counsel filed his Notice of Appearance as counsel for Defendant A.S.H. Electrical Services, LLC on April 14, 2026. (ECF 28).

8. The deadline to amend pleadings had already passed by the time undersigned counsel appeared in this case.

9. Undersigned counsel sought and the court granted an extension of the discovery and dispositive motions deadline to August 4, 2026.

10. Both parties filed competing Motions for Summary Judgment on August 4, 2026, and both parties have responded to the other's motions.

**PROPOSED PLEADING ATTACHED**

Defendant's proposed First Amended Answer and Counterclaim is attached to this motion as an exhibit.

**ARGUMENT AND AUTHORITIES**

In its Motion for Summary Judgment on its counterclaim, Defendant included as one of its grounds that its assent to the CBA was obtained, by fraud, misrepresentation, mutual mistake or there was no meeting of the minds. Plaintiff objected to these as a basis for summary judgment because they were not contained in Defendant's Original Answer and Counterclaim.

Plaintiff also argued that Defendant had admitted in its answer that the CBA did not terminate until June 1, 2025.

Defendant seeks leave of court to amend its Original Answer and Counterclaim to specifically plead these claims or defenses and clarify that Defendant has not admitted and did not intend to admit that the CBA terminated on June 1, 2025.

In the Fifth Circuit, when a claim is raised for the first time in a motion for summary judgment motion, the district court should construe that claim as a motion to amend the complaint under Rule 15(a). *Lewis v. Ascension Parish Sch. Bd*., 996 F. Supp 2d 450, 458 (M.D. La. 2014) (citing *Riley v. Mabry*, 379 Fed. Appx. 335, (5th Cir. 2010)).

“Rule 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). This, and other federal rules, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. See *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).” *Id*.

Leave to amend falls within the sound discretion of the trial court. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). “In exercising its discretion, the Court may consider such factors as: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).” *Lewis*, at 458.

"The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *Waldron v. Adams & Reese, L.L.P.*, 676 F.3d 455 (5th Cir. 2012) (citing *Mayeaux v. La. Health Serv. & Indem. Co*., 376 F.3d 420, 427-28 (5th Cir. 2004)); see also *Clarence Cargo v. Kan. City S.*, No. 05-2010, 2009 U.S. Dist. LEXIS 18927, at *8 (W.D. La. March 4, 2009) (in considering a motion for leave to amend the court must determine whether the proposed amendment: (1) merely proposed alternative legal theories for recovery on the same underlying facts; or (2) would fundamentally alter the nature of the case)." *Lewis*, at 458.

Under Fed. R. Civ. P. 16(b)(4), if a scheduling order deadline to amend the pleadings has passed, the schedule may be modified only for good cause and with the court's consent. Good cause. To determine whether a party has shown good cause to modify the scheduling order the Fifth Circuit courts weigh four factors: (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) the potential prejudice in allowing the modification; and (4) the availability of a continuance to cure the prejudice. *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010).

## GOOD CAUSE FOR DELAY

In this case, the deadline to amend pleadings had passed before the undersigned counsel appeared in this case. Discovery had not been issued, and Defendant had not responded to Plaintiff's discovery requests at that time. Counsel sought and obtained an extension of the discovery deadline and dispositive motions deadlines. At the time, counsel knew nothing about the facts of the case, had not reviewed the documents and had not had sufficient time to visit with his clients and understand the various issues. The case is complex because it involved issues relating to 8(f) agreements under the NLRA, two petitions for election and one unfair labor

practice charge to the NLRB, and a great deal of confusion regarding the term of the letter of assent and CBA as are detailed in the summary judgment motions.

Written discovery and exchange of documents took place and was completed by the new discovery deadline. Counsel had to pour through hundreds of pages of documents with his clients in order to understand the issues, the stage of the litigation and determine what defenses and claims were at issue or available to Defendants.

During that time, counsel was assisting ASH with its Unfair Labor Practice Charge against IBEW for failure to bargain in good faith. During that process recordings of the negotiation sessions between ASH and IBEW became relevant. Through those recordings counsel learned that Diarmid Campbell and other representatives of IBEW made representations to Adam Johnke and Shannon Carpenter that they were only committing to a one year agreement by signing the letter of assent. These recordings were provided to the NLRB and also produced to Plaintiff by email link on July 8, 2026, less than thirty (30) days before the dispositive motion deadline.

Because of the difficulty of this case, the late nature of counsel's entry into this case and other cases and commitments, counsel failed to recognize that the fraud claim previously pleaded by other counsel, did not include claims for fraud or misrepresentation on the part of IBEW itself. These claims were included in Defendant's Motion for Summary Judgment, and also in its Response to Plaintiff's Motion for Summary Judgment, arguing it either established there was no assent or agreement to the CBA beyond one year as a matter of law, or that it raised a genuine issue of fact as to the validity or enforceability of the interest arbitration provisions of the CBA. I overlooked the need to amend ASH's answer as the deadline to amend pleadings had long passed.

The requested modification is a minor change and does not substantially change the nature of this case. This case is about whether there was an interest arbitration clause in effect at the time IBEW filed with the CIR. Defendant contends there was not because the court should apply the plain language of section 1.01. That would mean the agreement terminated on June 1, 2024, and no agreement was in effect when IBEW submitted to CIR. This is the one-year agreement IBEW represented to Defendant that it was entering into.

If the Court finds that the agreement was in effect until June 1, 2025, as a matter of law, and the agreement was not a one-year renewal agreement, then fraud, misrepresentation, mutual mistake or no meeting of the minds become applicable. These claims, and the summary judgment evidence supporting them have not been denied by Plaintiff and they have offered no summary judgment evidence to rebut them. Their only defense to this claim is that Defendants should have read the CBA or read it better before signing, even though Defendants were never shown a copy of the CBA at the time they signed the letter of assent.

There is no prejudice to Plaintiff in allowing this amendment as it does not change the discrepancy between the two versions of the CBA. Nothing about this inherent problem with Plaintiff's case will change by allowing the amendment. This case is not set for trial, and no other deadlines currently exist for this case. Any prejudice to Plaintiff that exists would be cured by continuance of the summary judgment submission to allow further discovery if Plaintiff wishes it. It should be noted that Plaintiff has not asked for a continuance of submission of the summary judgment motions or requested additional discovery on these claims. The remedy for any prejudice is to continue the summary judgment submission of this case and allow Plaintiff to conduct additional discovery on these claims if it so chooses.

WHEREFORE, Defendant requests that the Court grant it leave to file its Amended Answer and Counterclaim.

Respectfully submitted,

By: */s/ Jon Mark Hogg*
Jon Mark Hogg
State Bar No. 00784286

JON MARK HOGG PLLC
1 East Twohig Ave, 2nd Floor
San Angelo, Texas 76903
(325) 777-0455
jmh@jmhogglaw.com

ATTORNEY FOR DEFENDANT A.S.H. ELECTRICAL SERVICES

**CERTIFICATE OF CONFERENCE**

Counsel for Defendant conferred with Plaintiff's Counsel regarding the subject matter of this motion on August 24, 2026 and Plaintiff opposes this motion.

/s/ Jon Mark Hogg
Jon Mark Hogg

**CERTIFICATE OF SERVICE**

This is to certify that on August 24, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record on file.

*/s/ Jon Mark Hogg*
Jon Mark Hogg