**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION**

| | | |
|---|---|---|
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 520, Plaintiff,** | § § § | |
| **v.** | § § | **CIVIL ACTION NO. 1:25-cv-1643** |
| **A.S.H. ELECTRICAL SERVICES, LLC, Defendant.** | § § § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIM**

TO THE HONORABLE COURT:

Plaintiff files this response in opposition to Defendant's Motion for Leave to File First Amended Answer and Counterclaim (Dkt. 39).

## INTRODUCTION AND BACKGROUND

Defendant filed its Original Answer and Counterclaim on November 6, 2025, admitting that the Prior CBA was "effective from June 2, 2022 to June 1, 2025 unless modified or terminated." Def's Answer, ¶ 6. The Court's Scheduling Order set a March 6, 2026 deadline to amend pleadings. That deadline passed without amendment, and Defendant's current counsel appeared in the case on April 14, 2026. Dkt. 28; Dkt. 39, at 2.

The discovery period was then extended, and the parties completed discovery and, on August 4, 2026, filed competing motions for summary judgment on the pleadings as they then existed. Dkt. 32; Dkt. 33. Each side responded to the other's motion and replied in support of its motion. The day before all the dispositive motion briefing was complete, on August 24, 2026, Defendant moved for leave to file a First Amended Answer and Counterclaim. Dkt. 39.

The proposed pleading does not make a minor correction. It (1) withdraws Defendant's admission that the Prior CBA ran through June 1, 2025 and replaces it with a general denial, Dkt.

39-1, ¶ 6; (2) advances an entirely new theory that the Letter of Assent renewed annually and that the Prior CBA therefore terminated on June 1, 2024, *id.* ¶ 7; and (3) newly pleads that Defendant's assent to the Prior CBA was procured by fraud, misrepresentation, mutual mistake, or the absence of a meeting of the minds, and repleads that theory as a freestanding basis to invalidate the CIR's award, *id.* Aff. Def. ¶ 2; *id.* ¶ 23.

**ARGUMENTS AND AUTHORITIES**

Because the deadline to amend pleadings in the Scheduling Order has already passed, Defendant must show good cause under Rule 16(b)(4) before the Court ever reaches Rule 15(a)'s more permissive standard. Defendant's Motion invokes only Rule 15(a)(2), which requires that leave be "freely given when justice so requires." Dkt. 39, at 3 (quoting FED. R. CIV. P. 15(a)(2)). But when a party seeks to amend after a scheduling order's deadline has expired, Rule 16(b)(4)'s more stringent good-cause standard governs, and only if that standard is satisfied does the Court even reach Rule 15(a). *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Defendant's Motion recites the four-factor good-cause test: the explanation for the delay, the importance of the amendment, the potential prejudice, and the availability of a continuance to cure it. Dkt. 39, at 4 (citing *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)).

Every explanation Defendant offers for the delay is limited to the fraud and misrepresentation theory, which Defendant says it did not recognize was missing from its pleading until its new counsel reviewed recordings produced on July 8, 2026. Dkt. 39, at 4–5. Defendant offers no explanation at all for withdrawing its admission that the Prior CBA ran through June 1, 2025, an admission Defendant has never disputed making. Dkt. 39-1, ¶ 6. A party cannot show good cause for an amendment it does not even attempt to justify.

Nor has Defendant shown good cause for the delay in connection with the fraud theory itself. Defendant's Motion places the alleged misrepresentations at or around May 13, 2021, signing of the Letter of Assent, made to Defendant's own owners, Adam Johnke and Shannon Carpenter. Dkt. 39, at 5; Dkt. 39-1, ¶ 5. The recordings referred to in Defendant's Motion reveal that all the facts underlying the theory were known to Defendant's principals by March 18, 2025, at the latest. In that recording, one of Defendant's co-owners claims that Defendant was tricked and lied to in order to get a contract term longer than one year. A recording that corroborates what a party's own witnesses could have testified to from personal knowledge does not excuse an almost nine-month delay in pleading the claim. Defendant could have raised it as early as its Answer and Counterclaim in November 2025. Furthermore, Defendant did not seek leave when it says it first "overlooked" the omission while preparing its own summary-judgment motion. Instead, it waited until after Local 520's Response demonstrated that the very admission Defendant now seeks to withdraw was fatal to Defendant's defense.

Even if Rule 15(a) applied on its own terms, the Court may still deny leave for undue delay or dilatory motive, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Each of those factors favors denial here.

First, undue delay and dilatory motive favor denial. Defendant's deadline to amend its pleadings passed on March 6, 2026. Dkt. 13. Defendant did not move for leave until August 24, 2026, nearly six months later, and the day before both sides had fully briefed competing motions for summary judgment on the pleadings as they stood. Defendant offers no explanation for why it could not have sought leave to withdraw its own admission at any point in that six-month window.

Second, undue prejudice favors denial. Local 520 built its summary-judgment motion, its response to Defendant's motion, and its reply around the pleadings and the admission as they existed when the parties briefed those motions. Reopening the pleadings now, after that briefing is complete, would force Local 520 to relitigate the summary-judgment record on a materially different set of pleadings and would require additional discovery into representations allegedly made more than five years ago; discovery the current schedule does not allow. Defendant's own Motion effectively concedes as much: it proposes, as the "remedy for any prejudice," that the Court "continue the summary judgment submission of this case and allow Plaintiff to conduct additional discovery." Dkt. 39, at 6. An amendment whose proponent already anticipates the need to reopen discovery and continue a fully submitted dispositive motion is, by definition, prejudicial to the party that briefed that motion in reliance on the pleadings as they stood. *See Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 238–39 (5th Cir. 2015) ("Because Appellees had sought no discovery related to Squyres's fraud claim, allowing amendment would have imposed additional discovery costs. Moreover, Appellees had already filed their summary judgment motion by the time Squyres sought leave to amend. Thus, not only would the district court have needed to reopen discovery, but it also would have needed to allow another round of dispositive motions."); *see also Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999) (per curiam) (noting that the Fifth Circuit, even under the more liberal Rule 15 standard, "more carefully scrutinize[s] a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment").

Third, futility favors denial. The proposed pleading still does not plead fraud, misrepresentation, or mutual mistake with the particularity Rule 9(b) requires. A party alleging fraud must identify the who, what, when, where, and how of the alleged misrepresentation.

*Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997); *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 171 (2d Cir. 2015). The proposed Answer and Counterclaim allege only that unnamed "representatives of IBEW 520" made a statement to Defendant's owners at some point around the May 13, 2021, signing, but fails to identify the speaker and where and when the statements were made. Dkt. 39-1, ¶ 5; *id.* Aff. Def. ¶ 2. That falls well short of Rule 9(b), for the same reasons Local 520 has already explained in opposing Defendant's identical, unpleaded version of this theory in its summary-judgment briefing, which it incorporates here. Amending the pleading to add a claim that remains deficient on its face does not cure the deficiency; it only delays the point at which the Court must dismiss it.

Fourth, the repeated failure to cure deficiencies also favors denial. This is not Defendant's first opportunity to plead these matters. Defendant's Original Answer and Counterclaim was filed on November 6, 2025, and the deadline to amend it passed on March 6, 2026. Dkt. 13; Dkt. 28. Defendant does not explain why it did not seek an extension of that deadline once new counsel appeared and identified the need to replead, but instead asked only to re-open discovery and let the case go until the day before summary-judgment briefing was complete before raising the issue at all.

## CONCLUSION AND PRAYER

For these reasons, Local 520 asks the Court to deny Defendant's Motion for Leave to File First Amended Answer and Counterclaim in its entirety. In the alternative, if the Court is inclined to grant leave, Local 520 asks that any order granting leave be conditioned on: (1) reopening discovery solely as to the newly pleaded fraud, misrepresentation, and mutual-mistake theories; (2) permitting Local 520 to supplement its pending summary-judgment briefing to address the

amended pleading; and (3) requiring Defendant to bear the costs and fees Local 520 incurs as a result, given that the need for any such relief is entirely of Defendant's own making.

*Respectfully submitted,*

DEATS DURST & OWEN, PLLC

*/s/ Matt Bachop*
Matt Bachop
TBN: 24055127
mbachop@ddollaw.com
2901 Bee Caves Rd., Ste. L
Austin, Texas 78746
(512) 474-6200
FAX (512) 474-7896

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record by the Court's CM/ECF system on this 31st day of August, 2026.

*/s/ Matt Bachop*
Matt Bachop