**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 520** | § § § § | |
| **v.** | § | **CIVIL ACTION NO. 1:25-cv-1643** |
| **A.S.H. ELECTRICAL SERVICES, LLC** | § § § | |

**DEFENDANT' RESPONSE TO PLAINTIFF'S MOTON FOR LEAVE TO FILE FIRST AMENDED ANSWER TO DEFENDANT'S COUNTERCLAIM**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE DAVID A. EZRA:

Defendant A.S.H. Electrical Services, LLC files this Response to Plaintiff's Motion For Leave to File First Amended Answer to Defendant's Counterclaim.

Plaintiff seeks leave to file a First Amended Answer to Defendant's Counterclaim which has gone unanswered for almost ten months. At the same time Plaintiff objects to Defendant's request to amend its answer to correct or clarify an alleged deemed admission and add claims that Defendant's assent to the CBA is void because of fraud misrepresentation, mutual mistake or lack of a meeting of the minds.

Plaintiff invokes the excusable neglect standard of FED. R. CIV. P. 6(b)(1)(B). Of course, a party must serve an answer to a counterclaim within 21 days of being served with the pleading that states the counterclaim Fed. R. Civ. P. 12(a)(1)(B). Rule 6(b)(1)(B) provides, "(1) When an act may be done within a specified time, the court may, for good cause, extend the time . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Plaintiff ignores the good cause requirement and focuses only on excusable neglect. Both are required here.

After a deadline has passed, the moving party must show both good cause and excusable neglect. *Parker v. United States Postal Serv*. 2026 U.S. Dist. LEXIS 150211 *3 (E.D. Tex. 2026). To establish good cause, the movant must show that it could not reasonably have met the deadline despite its diligence. *Id*. (citing *S&W Enters, LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). As correctly stated in Plaintiff's Motion for Leave, the factors of excusable neglect in the Fifth Circuit are: (1) danger of prejudice to the opposing party; (2) length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant.; and (4) whether the movant acted in good faith. Plaintiff has neither shown good cause, nor excusable neglect to justify the extension.

Plaintiff fails to address the good cause element in its motion. This is sufficient grounds by itself to justify denial of the Motion for Leave. Nevertheless, the good cause factor is similar to the third factor of the excusable neglect factor—the reason for the delay and whether it was within the reasonable control of the movant.

An attorney's failure to realize that an answer to a counterclaim was required relates to the third factor, the reason for the delay and whether it was within the reasonable control of the movant. Failure to respond to a counterclaim does not constitute excusable neglect in the Fifth Circuit. *See*, *Siverston v. Citibank, N.A*., 2019 U.S. Dist. 104505 (E.D. Tex. 2019). Plaintiff presents no facts other than counsel's belief that an answer to a counterclaim was not required by the Federal Rules of Civil Procedure. Nevertheless, it conducted written discovery on this counterclaim, including the basis for Defendant's contention that the CBA had terminated. This is insufficient to constitute good cause or excusable neglect.

In its motion for leave, Plaintiff's only justification for the almost ten-month delay is that counsel did not think it needed to file an answer to Defendant's counterclaim. This is not a situation where IBEW was not reasonably able to meet the answer deadline despite its diligence.

Plaintiff cites a case with no precedential authority in this circuit *Information Systems and Networks Corp. v. U.S.*, 994 F.2d 792, 797 (Fed. Cir. 1993), for the proposition that counsel's failure to realize he needed to file an answer to a counterclaim constitutes excusable neglect. But that case involved a motion for relief from a default judgment under Fed. R. Civ P. 60(b). The in-house counsel who failed to file the answer stated that he mistakenly believed that the joinder motion suspended the requirement to file an answer. *Id*.994 The clerk issued default in that claim, but no immediate action was taken for a default judgment by the government. *Id*., at 794. After the clerk entered the default, in-house counsel met with the government's counsel to prepare the joint status report and was given the impression that the government did not intend to move for default judgment on the counterclaim. *Id*. The government then moved for default judgment which the trial court granted. *Id*. The Court of Appeals reversed for abuse of discretion because the trial court used the wrong standard in denying the Rule 60(b) motion. *Id*., at 795-796.

Defendant has not sought or taken a default judgment on its counterclaim. It also does not seek summary judgment based on Plaintiff's default. In its Motion for Summary Judgment Defendant simply pointed out that Plaintiff did not file an answer to the Counterclaim. The lack of an answer was put in issue when Plaintiff argued in its Motion for Summary Judgment that Defendant had admitted in its pleading that the CBA terminated June 1, 2025. (ECF 32, 6). In response to this argument, Defendant stated that the fact that it had not made such an admission

was evidenced by Defendant's Counterclaim on this point, which Plaintiff had not answered and this failure to answer thus constituted a deemed admission under FED. R. CIV. P. 8(b)(6). (ECF 37, 6).

Plaintiff has failed to bring forward any evidence to establish good cause for the failure to answer and any circumstance to support excusable neglect.

WHEREFORE, Defendant requests that the Court deny Plaintiff's Motion for Leave to File Amended Answer to Counterclaim and such other relief to which it is justly entitled.

Respectfully submitted,

By: */s/ Jon Mark Hogg*
Jon Mark Hogg
State Bar No. 00784286

JON MARK HOGG PLLC
1 East Twohig Ave, 2nd Floor
San Angelo, Texas 76903
(325) 777-0455
jmh@jmhogglaw.com

ATTORNEY FOR DEFENDANT A.S.H. ELECTRICAL SERVICES

**CERTIFICATE OF SERVICE**

This is to certify that on September 1, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record on file.

*/s/ Jon Mark Hogg*
Jon Mark Hogg