**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 520** | § § § § | |
| **v.** | § | **NO. 1:25-CV-01643** |
| **A.S.H. ELECTRICAL SERVICES, LLC** | § § § | |

**DEFENDANT A.S.H. ELECTRICAL SERVICES, LLC'S FIRST AMENDED ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

TO: Plaintiff, International Brotherhood of Electrical Workers, Local 520, by and through their attorney of record, Matt Bachop.

A.S.H. Electrical Services, LLC, Defendant, presents these First Amended answers in accordance with the Federal Rules of Civil Procedure, to Plaintiff's First Set of Interrogatories, such answers being for the purpose of this action only.

Respectfully submitted,

By: /s/ Jon Mark Hogg
Jon Mark Hogg
SBN: 00784286

JON MARK HOGG PLLC.
1 East Twohig Ave, 2nd Floor
San Angelo, Texas 76903
(325) 777-0455
jmh@jmhogglaw.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

This is to certify that on July 29, 2026, I electronically sent this document by email to all attorneys of record on file.

/s/ Jon Mark Hogg

## DEFENDANT'S AMENDED ANSWERS TO INTERROGATORIES

1. Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge.

**ANSWER:** See, Defendant's Rule 26(a) Disclosures.

2. If Defendant is improperly identified, give its proper identification and state whether you will accept service of an amended summons and complaint reflecting the information furnished by you in answer hereto.

**ANSWER:** Not applicable.

3. Identify the date on which you contend the bargaining relationship between the parties was terminated.

**ANSWER:** March 26, 2024

**AMENDED ANSWER**: Notice of termination was given on May 30, 2023, and December 27, 2023. The bargaining relationship ended with the termination of the CBA on June 1, 2024.

4. Identify the mechanism by which you contend the bargaining relationship between the parties was terminated.

**ANSWER:** By giving written notice of withdrawal of assent to the Section 8(f) pre-hire agreement, and termination of the CBA to the Central Texas Chapter of the National Electrical Contractors Association, Inc. ("NCEA") and local Union No. 520 of the International Brotherhood of Electrical Workers ("IBEW") by written letter on May 30, 2023, and December 27, 2023

**AMENDED ANSWER**: The CBA became effective on June 2, 2019, and remained in effect until June 1, 2022. After June 1, 2022, the CBA remained in effect from year to year thereafter, from the start of the first full pay period in June through the last full pay period starting in May of each year, unless changed or terminated as provided in the CBA. Defendant gave timely written notice of withdrawal of assent to the Section 8(f) pre-hire agreement, and termination of the CBA to the Central Texas Chapter of the National Electrical Contractors Association, Inc. ("NCEA") and local Union No. 520 of the International Brotherhood of Electrical Workers ("IBEW") by written letter on May 30, 2023, and December 27, 2023. The next anniversary date under the CBA after these notices were received by Plaintiff was June 1, 2024. Therefore, the last date the bargaining relationship was in effect between Plaintiff and Defendant, contractual or otherwise was May 31, 2024.

5. State whether you contend that a party to a CBA under Section 8(f) of the National Labor Relations Act is privileged to unilaterally terminate the CBA at any time.

**ANSWER:** Defendant does not contend that is privileged to unilaterally terminate the CBA at any time. Defendant does contends that it was entitled by both law and the CBA terms to withdraw its

assent to the Section 8(f) pre-hire agreement in this case unilaterally by giving 150 days' notice as provided in the letter of assent and to terminate the CBA by providing notice of termination of the CBA ninety days before the end of the original term of the agreement.

**AMENDED ANSWER**: Defendant does not contend that is privileged to unilaterally terminate the CBA at any time. Defendant does contend that it was entitled by both law and the CBA terms to withdraw its assent to the Section 8(f) pre-hire agreement in this case unilaterally by giving 150 days' notice as provided in the letter of assent and to terminate the CBA by providing notice of termination of the CBA ninety days before the end of the current term of the agreement.

6. If you answered Interrogatory 5 in the affirmative, please state, in general, the legal basis for your contention that a party to a CBA under Section 8(f) of the National Labor Relations Act is privileged to unilaterally terminate the CBA at any time.

**ANSWER**: The National Labor Relations Act, and the contract terms of the letter of assent and the CBA

7. Explain, in general, the factual basis for your claim that "the CIR's decision is in violation of the NLRA and is 'repugnant' to the Act."

**ANSWER**: The CIR decision imposes on Defendant an entirely new collective bargaining agreement with IBEW for three years after the pre-hire agreement with IBEW and NCEA and the CBA had been terminated. Plaintiff does not represent any of the workers in the bargaining unit, and all employees oppose representation by IBEW. Plaintiff breached its contractual agreement with Plaintiff prior to Defendant giving notice of termination. There has been no Representation Petition filed by Plaintiff claiming that it holds majority support, and no election has been held recognizing Plaintiff as the bargaining representative for employees of Defendant. This violates both the spirit and the letter of the National Labor Relations Act. Furthermore, the CIR's decision lacks any reasoning to justify the imposition of a new three-year agreement after the previous contract was terminated. There is also no justification or reasoning as to the imposition of a significantly higher wage scale than was included in the previous agreement and in other agreements which include the Zone III MOU.

8. Explain, in general, the factual basis for your claim that "the CIR's decision is in violation of the LMRA."

**ANSWER**: The Labor Management Relations Act does not grant the CIR or any other arbitrator the authority to impose a new collective bargaining agreement after termination of a pre-hire CBA and does not grant IBEW the right to ignore that termination and refuse to negotiate over termination but to insist and bargain in bad faith only over a new three year agreement. Furthermore, the CIR's decision lacks any reasoning to justify the imposition of a new three-year agreement after the previous contract was terminated. There is also no justification or reasoning to justify the imposition of a significantly higher wage scale than was included in the previous agreement and in other agreements which include the Zone III MOU.

9. Explain, in general, the factual basis for your claim that "the CIR reached its decision in bad faith."

**ANSWER**: Both IBEW and the CIR knew the CIR had no authority to impose a new three-year CBA upon Defendant after the pre-hire CBA was terminated. In addition, IBEW had no statutory or contractual right to ignore that termination and refuse to negotiate over termination but to insist and bargain in bad faith only over a new three-year agreement or submit such a dispute to the CIR Furthermore, the CIR's decision lacks any reasoning to justify the imposition of a new, three-year agreement after the previous contract was terminated. There is also no justification or reasoning to justify the imposition of a significantly higher wage scale than was included in the previous agreement and in other agreements which include the Zone III MOU. The CIR did not consider the issues presented and merely awarded IBEW what it wanted without any explanation.

10. Explain, in general, the factual basis for your claim that "the CIR's decision violates due process."

**ANSWER**: The CIR had no authority to impose a new three-year collective bargaining agreement upon Defendant after the pre-hire CBA was terminated. It violated due process by accepting, deciding and imposing a new three-year CBA without any guiding principles or reasoning after the pre-hire CBA had been terminated. Due process required that before Plaintiff could be recognized as the new bargaining representative and negotiate a new CBA on behalf of Defendant's employees, a representation petition had to be filed with the NLRB and an election held. Defendant had no statutory or contractual obligation to negotiate a new or successor CBA with Plaintiff. Even if it did, any impasse in negotiations should have been submitted through the Federal Mediation and Conciliation Service because no contract existed permitting submission of any dispute to the CIR beyond a dispute as to the terms or conditions of termination. Furthermore, to Defendant's knowledge, the CIR was composed only of representatives of Plaintiff and NECA, despite the fact that Defendant had already terminated its relationship with both. The submission to CIR was not made, and the CIR hearing was not held, until long after the CBA was terminated. Yet the CIR imposed a new three-year agreement without any stated reasoning or justification and did not explain the punitive wage scale it imposed.

11. Explain, in general, the factual basis for your claim that "the CIR was improperly constituted."

**ANSWER**: The CIR had no authority to impose a new three-year collective bargaining agreement upon Defendant after the pre-hire CBA was terminated. To Defendant's knowledge, the CIR was composed only of representatives of Plaintiff and NECA despite the fact that Defendant had already terminated its relationship with both. Since the CBA was terminated, and no collective bargaining agreement existed, the CIR improperly considered this dispute regarding imposing a new CBA on Defendant. Defendant had no obligation to negotiate with Plaintiff beyond issues regarding termination of the CBA. Plaintiff did not negotiate in good faith and if there was any dispute about entering into an entirely new CBA, it should have been submitted to the Federal Mediation and Conciliation Service, not the CIR. There was no CBA for the CIR to interpret and enforce other than issues related to the termination of the CBA. The CIR held its hearing after Defendant terminated its relationship with Plaintiff and NECA and imposed a new

three-year agreement without any stated reasoning or justification and did not explain the punitive wage scale it imposed.

12. Explain, in general, the factual basis for your claim that "the CIR's members engaged in fraud and/or corruption."

**ANSWER**: The CIR knew it had no authority to impose a new three-year CBA because the pre-hire CBA had been terminated and no contract existed to be interpreted or enforced. The only authority CIR had was to arbitrate disputes regarding issues related to the termination of the CBA. Yet it still sought to impose a new CBA on Defendant.

***AMENDED ANSWER***: The CIR knew it had no authority to impose a new three-year CBA because the pre-hire CBA had already been terminated and no CBA existed for the CIR to interpret or enforce. Any authority the CIR retained after termination was limited to disputes over the terms of that termination — not to impose a new agreement. It imposed one anyway.

13. Explain, in general, the factual basis for your claim that "Plaintiff disregarded arbitral procedure."

**ANSWER**: Plaintiff knew the CIR had no authority to impose a new three-year CBA on Defendant because the pre-hire CBA had been terminated. There was no CBA in effect at the time Plaintiff sought to negotiate a new agreement, and at the time it submitted the dispute to the CIR. Plaintiff did not attempt in good faith to negotiate over termination of the CBA and did not submit to the CIR issues related to termination of the CBA. Instead, Plaintiff sought to impose a new three-year CBA on Defendant through the CIR without respect to the fact that the CBA was terminated and there was no CBA to interpret or enforce. Plaintiff knew that the only authority CIR had at the point of its submission to CIR was to arbitrate disputes regarding issues related to the termination of the CBA.

14. Explain, in general, the factual basis for your claim that "Plaintiff and/or its representatives misled and/or coerced Defendant into not attending the CIR's arbitration hearing in Washington, DC, depriving Defendant of the opportunity to present its evidence."

> **ANSWER**: Scott Hopkins- NECA Representative, on or about April 28, 2025, told Defendant's representatives that there was no need to come all the way to Washington, DC to attend the CIR's arbitration hearing.

15. Explain, in general, the factual basis for your claim that "Plaintiff misrepresented the potential outcomes of arbitration before the CIR to Defendant."

> **ANSWER**: Plaintiff's representatives, on or about April 24, 2025, told Defendant's representatives that the worst that would result from CIR arbitration was a one-year contract including the Zone III MOU.

16. Identify all grievances filed by Defendant based on its claim that "Plaintiff breached the CBA by failing to supply Defendant with qualified electrical workers."

**<u>ANSWER</u>**: No such grievances were filed.

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 30, 2026.

Adam Johnke, as co-owner of A.S.H. Electrical Services, LLC