**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION**

| | | |
|---|---|---|
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 520, Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 1:25-cv-1643-DAE** |
| **A.S.H. ELECTRICAL SERVICES, LLC, Defendant.** | § | |

**JOINT ADVISORY REGARDING PLAINTIFF'S MOTION FOR LEAVE (DKT. 35) AND DEFENDANT'S MOTION FOR LEAVE (DKT. 39)**

TO THE HONORABLE COURT:

Pursuant to the Court's Order of September 2, 2026 (Dkt. 44), Plaintiff International Brotherhood of Electrical Workers, Local 520 and Defendant A.S.H. Electrical Services, LLC file this Joint Advisory regarding Plaintiff's Motion for Leave to File Answer to Defendant's Counterclaim (Dkt. 35) and Defendant's Motion for Leave to File First Amended Answer and Counterclaim (Dkt. 39).

**THE PARTIES' CONFERENCE**

Counsel for the parties conferred by telephone on October 13, 2026. Matt Bachop and Jon Mark Hogg discussed whether any of the disputed issues could be resolved or narrowed. Defendant is withdrawing its opposition to Plaintiff's Motion for Leave to Answer Defendant's Counterclaim. Plaintiff is withdrawing its objection to the portion of Defendant's Motion for Leave that seeks to amend ¶¶ 6–7 of Defendant's Answer and ¶ 7 of its Counterclaim regarding the term and termination date of the Prior CBA. The disputed issues that remain for the Court's resolution, and each party's position on each, are set out below.

## REMAINING DISPUTED ISSUES

**Issue 1: Whether Defendant has shown good cause under Rule 16(b)(4), and is otherwise entitled to leave under Rule 15(a), to plead for the first time that its assent to the Prior CBA was procured by fraud, misrepresentation, or mutual mistake, or that there was no meeting of the minds (Dkt. 39-1, Affirmative Defense 2; *id.* Counterclaim ¶¶ 5, 23).**

**Plaintiff's position:** Leave should be denied. Defendant has not shown good cause. The alleged misrepresentation was made to Defendant's owners in May 2021, Dkt. 39-1, ¶ 5, and Defendant's Reply confirms that its owners "felt the IBEW misrepresented the nature of the agreement" from the outset. Dkt. 45, at 4. Recordings produced on July 8, 2026 corroborate what Defendant's principals already believed; they did not reveal any new information. Counsel's mistaken impression that the theory had already been pleaded, Dkt. 45, at 5, is an oversight, and an oversight is not good cause under Rule 16(b)(4). Even under Rule 15(a), leave should be denied as futile and prejudicial. The proposed pleading identifies no speaker, no date, no place, and no words, and so does not plead fraud with the particularity Rule 9(b) requires. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). And no depositions were taken by either side in this case, discovery closed on August 4, 2026, and both motions for summary judgment are fully briefed. Plaintiff cannot respond to a fraud claim first pleaded after the record closed without deposing Adam Johnke and Shannon Carpenter, which is why Defendant's own Motion proposed, as the "remedy for any prejudice," that the Court "continue the summary judgment submission of this case and allow Plaintiff to conduct additional discovery." Dkt. 39, at 6. Defendant's Reply now asserts that no discovery is needed, Dkt. 45, at 5, but Defendant does not get to decide what discovery Plaintiff needs to defend against Defendant's new claim. Defendant's position does not supply the diligence Rule 16(b)(4) requires. Defendant has been represented by counsel throughout

this case. Its prior counsel pleaded fraud and misrepresentation in November 2025, but only as to the CIR proceedings, and its current counsel had the recordings by July 8, 2026, and the Johnke and Carpenter affidavits in hand when Defendant filed its Motion for Summary Judgment on August 4, 2026, yet did not seek leave until August 24, 2026, after Plaintiff's briefing pointed out the omission. That Defendant's owners did not understand the legal consequences of what they say they were told is not a reason the deadline could not be met; it is the reason parties retain counsel. Nor does the presence of Plaintiff's representatives at a conversation in 2021 tell Plaintiff what Defendant will claim was said there. That is what a pleading is for.

**Defendant's position:** Leave should be granted. The proposed amendment expressly pleads that Defendant's assent to the Prior CBA was secured by fraud, misrepresentation, mutual mistake, or lack of a meeting of the minds because IBEW representatives represented to Defendant's owners that Defendant was not committing to a long-term agreement and could get out of the agreement after one year. Undersigned counsel did not enter the case until after the amendment deadline had expired and had to review a complicated record involving Section 8(f) agreements, NLRB proceedings, the CIR process, and hundreds of pages of documents. During that process, recordings of negotiations became relevant and showed discussions concerning representations that Defendant was entering into only a one-year agreement. Those recordings were produced to Plaintiff on July 8, 2026, shortly after counsel became aware of their contents. Defendant's owners are not lawyers, operate a small electrical business, and lacked experience with the NLRA, Section 8(f) agreements, or interest-arbitration clauses. Although they believed IBEW had misrepresented the nature of the agreement, they did not understand the legal consequences of those representations. Counsel did not recognize the need for a separate contract-formation fraud theory until preparing the summary-judgment motion and mistakenly believed

prior counsel had already pleaded those theories. Defendant further contends that Plaintiff already knew the substance of the alleged misrepresentations because its representatives participated in the conversations, the recordings were produced in discovery, and the same factual content appears in the affidavits of Adam Johnke and Shannon Carpenter. There is also no dispute that Defendant has asserted consistently in this case that the agreement terminated on June 1, 2024. Plaintiff has been aware of this contention since the beginning of this case. The amendment therefore does not fundamentally alter the case and should be permitted so the dispute can be resolved on its merits.

**Issue 2: If the Court grants leave on Issue 1, over Plaintiff's objection, what conditions should accompany that leave.**

**Plaintiff's position:** Any order granting leave should (1) reopen discovery for ninety days, limited to the newly pleaded theories, including the depositions of Adam Johnke and Shannon Carpenter; (2) permit Plaintiff to supplement its summary-judgment briefing within thirty days after that discovery closes; and (3) require Defendant to pay the reasonable expenses, including attorney's fees, that Plaintiff incurs in that additional discovery and briefing, because the need for both is entirely of Defendant's making. Defendant's Reply objects that fees should await judgment, Dkt. 45, at 5, but a condition on leave to amend is not a fee award; rather, it is the price of an amendment the Rules would otherwise not allow at this stage.

**Defendant's position:** Defendant does not agree that the requested amendment warrants ninety days of reopened discovery, supplemental briefing as a matter of course, or an award of attorney's fees and expenses. Defendant's Reply states that Plaintiff has not filed a motion for continuance or demonstrated that additional discovery is actually necessary. Defendant contends Plaintiff already knows what its own representatives said to Defendant because those

representatives participated in the conversations, and the recordings and affidavits setting out Defendant's position were already produced. Plaintiff also did not provide any affidavits of its representatives denying that any such statements ever occurred. To the extent the Court concludes that additional discovery is necessary to cure any prejudice, Defendant's Motion identifies a continuance of the summary-judgment submission and an opportunity for Plaintiff to conduct additional discovery as an available remedy. Defendant has no objection to a continuance for Plaintiff to conduct whatever discovery it needs to respond to this issue in Defendant's summary judgment motion. Defendant further contends that any request for attorney's fees and costs should be addressed after judgment rather than imposed as a condition of amendment, particularly where Plaintiff has not alleged discovery abuse, withholding of evidence, or intentional concealment of arguments.

*Respectfully submitted,*

DEATS DURST & OWEN, PLLC

*/s/ Matt Bachop*

Matt Bachop
TBN: 24055127
mbachop@ddollaw.com
2901 Bee Caves Rd., Ste. L
Austin, Texas 78746
(512) 474-6200
FAX (512) 474-7896

Attorney for Plaintiff

JON MARK HOGG PLLC

*/s/ Jon Mark Hogg*
Jon Mark Hogg
State Bar No. 00784286
jmh@jmhogglaw.com
1 East Twohig Ave, 2nd Floor
San Angelo, Texas 76903
(325) 777-0455

Attorney for Defendant

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record by the Court's CM/ECF system on this 19th day of October, 2026.

*/s/ Matt Bachop*
Matt Bachop