**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION**

| | | |
|---|---|---|
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 520,** **Plaintiff,** | § § § § | |
| **v.** | § | **CIVIL ACTION NO. 1:25-cv-1643-DAE** |
| **A.S.H. ELECTRICAL SERVICES, LLC,** **Defendant.** | § § § | |

**PLAINTIFF'S ANSWER TO DEFENDANT'S FIRST AMENDED COUNTERCLAIM**

TO THE HONORABLE COURT:

COMES NOW International Brotherhood of Electrical Workers, Local 520, Plaintiff, and files this Answer to Defendant's First Amended Counterclaim (Dkt. 50), and in support, would show the Court as follows:

## I. ADMISSIONS AND DENIALS

1. Responding to Paragraph 1 of the First Amended Counterclaim, Plaintiff admits that this Court has jurisdiction over the Counterclaim, that venue is proper, and that Defendant has unsuccessfully challenged venue in this Court.

2. Responding to Paragraph 2 of the First Amended Counterclaim, Plaintiff admits all the allegations contained in that paragraph.

3. Responding to Paragraph 3 of the First Amended Counterclaim, Plaintiff admits all the allegations contained in that paragraph.

4. Responding to Paragraph 4 of the First Amended Counterclaim, Plaintiff admits all the allegations contained in that paragraph.

5. Responding to Paragraph 5 of the First Amended Counterclaim, Plaintiff denies all the allegations contained in that paragraph. Plaintiff specifically denies that any of its representatives made the representation alleged in that paragraph.

6. Responding to Paragraph 6 of the First Amended Counterclaim, Plaintiff admits that on May 30, 2023, Defendant sent correspondence purporting to revoke the Letter of Assent and to terminate the Prior CBA. Plaintiff denies that Defendant was privileged to revoke the Letter of Assent or terminate the Prior CBA and denies all remaining allegations contained in that paragraph.

7. Responding to Paragraph 7 of the First Amended Counterclaim, Plaintiff admits that the Prior CBA contains provisions governing its term and renewal, which speak for themselves, and denies all remaining allegations contained in that paragraph, including the allegation that the Prior CBA terminated on June 1, 2024.

8. Responding to Paragraph 8 of the First Amended Counterclaim, Plaintiff admits that on December 27, 2023, Defendant, through counsel, sent correspondence announcing its desire to terminate the Prior CBA, and denies all remaining allegations contained in that paragraph.

9. Responding to Paragraph 9 of the First Amended Counterclaim, Plaintiff admits that it unilaterally submitted unresolved bargaining issues to the CIR for adjudication and denies all remaining allegations contained in that paragraph.

10. Responding to Paragraph 10 of the First Amended Counterclaim, Plaintiff admits that on May 13, 2025, the CIR issued an arbitration award imposing a new CBA on Defendant but denies that Defendant did not consent to the arbitration. Plaintiff admits that Defendant did not participate in the hearing except by brief.

11. Responding to Paragraph 11 of the First Amended Counterclaim, Plaintiff admits all the allegations contained in that paragraph.

12. Responding to Paragraph 12 of the First Amended Counterclaim, Plaintiff admits all the allegations contained in that paragraph.

13. Responding to the paragraph numbered 23 of the First Amended Counterclaim, which appears between Paragraphs 12 and 13, Plaintiff denies all the allegations contained in that paragraph. Plaintiff specifically denies that its representatives made any misrepresentation to Defendant, that Defendant's assent to the Prior CBA was secured by fraud, misrepresentation, or mutual mistake, that there was no meeting of the minds, and that the Prior CBA is void ab initio.

14. Responding to Paragraph 13 of the First Amended Counterclaim, Plaintiff denies all the allegations contained in that paragraph.

15. Responding to Paragraph 14 of the First Amended Counterclaim, Plaintiff denies all the allegations contained in that paragraph.

16. Responding to Paragraph 15 of the First Amended Counterclaim, Plaintiff denies all the allegations contained in that paragraph.

17. Responding to Paragraph 16 of the First Amended Counterclaim, Plaintiff denies all the allegations contained in that paragraph.

18. Responding to the paragraph labeled "prayer for relief" in the First Amended Counterclaim, Plaintiff denies that Defendant is entitled to any of the relief sought in that paragraph.

## II. AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matter for which Defendant bears the burden, Plaintiff asserts the following defenses to the claim pleaded in the paragraph numbered 23 of the First Amended Counterclaim.

19. *Failure to state a claim.* The paragraph numbered 23 fails to state a claim upon which relief can be granted, and fails to plead fraud, misrepresentation, or mistake with the particularity required by FED. R. CIV. P. 9(b), for the reasons stated in Plaintiff's Motion to Dismiss Defendant's First Amended Counterclaim and to Strike Affirmative Defense 2, filed contemporaneously with this Answer.

20. *Limitations.* The claim pleaded in the paragraph numbered 23 is barred by the applicable statute of limitations. The representation alleged in Paragraph 5 is alleged to have been made on or before May 13, 2021, when Defendant signed the Letter of Assent. Defendant knew or, in the exercise of reasonable diligence, should have known of the facts giving rise to its claim no later than the date on which it signed the Letter of Assent, and in any event more than four years before it first asserted the claim on August 24, 2026. *See* TEX. CIV. PRAC. & REM. CODE §§ 16.004(a)(4), 16.051.

21. *No justifiable reliance.* Defendant could not, as a matter of law, justifiably rely on an oral representation that was contradicted by the express terms of the Letter of Assent it signed, which bound Defendant to the then-current Inside Agreement and to any subsequent approved Inside Agreement until Defendant terminated the Letter of Assent by giving the written notice the Letter of Assent requires. Defendant is presumed to know the contents of the Letter of Assent and of the agreements it incorporates by reference.

22. *Voidable, not void; no rescission.* Fraud in the inducement, if proved, would render the Prior CBA voidable at Defendant's election, not void ab initio. Defendant has never rescinded the Prior CBA, has never tendered or offered to restore the benefits it received under the Prior CBA, and has never treated the Prior CBA as a nullity.

23. *Ratification and affirmance.* After Defendant knew or should have known of the facts on which the claim pleaded in the paragraph numbered 23 is based, Defendant continued to operate under the Letter of Assent and the Prior CBA, accepted the benefits of the Prior CBA, and invoked the termination provisions of the Letter of Assent and the Prior CBA by giving notices of revocation and termination in May and December 2023. By that conduct Defendant ratified and affirmed the Letter of Assent and the Prior CBA.

24. *Election of remedies.* Having affirmed the Letter of Assent and the Prior CBA and sought to terminate them according to their terms, Defendant elected to treat them as valid and binding and may not now seek to avoid them on the ground of fraud, misrepresentation, or mistake.

25. *Waiver and estoppel.* By the conduct described in the preceding paragraphs, Defendant waived, and is estopped and quasi-estopped from asserting, any claim that its assent to the Prior CBA was secured by fraud, misrepresentation, or mutual mistake or that there was no meeting of the minds, because that claim is inconsistent with the position Defendant took, and the benefits it accepted, under the Prior CBA for more than two years.

26. *Laches.* To the extent the claim pleaded in the paragraph numbered 23 seeks equitable relief, it is barred by laches. Defendant delayed unreasonably in asserting the claim, first raising it in August 2026, more than five years after the alleged representation, more than three years after it purported to revoke the Letter of Assent, and after the CIR had issued its award, and Plaintiff has been prejudiced by the delay.

27. Plaintiff reserves the right to amend this Answer to assert additional defenses as discovery on the contract-formation theories proceeds.

## III. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for any and all necessary and proper relief to which Plaintiff may be entitled.

*Respectfully submitted,*

DEATS DURST & OWEN, P.L.L.C.
Matt Bachop
TBN: 24055127
mbachop@ddollaw.com
2901 Bee Caves Rd., Ste. L
Austin, Texas 78746
(512) 474-6200
FAX (512) 474-7896

*/s/ Matt Bachop*
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record by the Court's CM/ECF system on this 3rd day of November, 2026.

*/s/ Matt Bachop*
Matt Bachop