**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 520** | § § § § | |
| **v.** | § | **CIVIL ACTION NO. 1:25-cv-1643** |
| **A.S.H. ELECTRICAL SERVICES, LLC** | § § § | |

**DEFENDANT'S SECOND AMENDED ANSWER AND COUNTERCLAIM**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE DAVID A. EZRA:

Defendant A.S.H. Electrical Services, LLC ("Defendant" or "A.S.H") files this Second Amended Answer ("Answer") and Counterclaim in response to Plaintiff's Motion to Dismiss and Motion to Strike (Dkt. 53) in accordance with Fed. R. Civ. P. 15(a)(B).

## NATURE OF THE ACTION

1. Defendant admits that Plaintiff brought the action under Section 301 the LMRA and is seeking to enforce an award of the Council on Industrial Relations (CIR) which seeks to impose a new Collective Bargaining Agreement on Defendant. Defendant acknowledges that CIR is a joint arbitration body between The National Electrical Contractors Association (NECA) and the IBEW whose purpose is arbitrating labor disputes within the electrical industry. CIR sought to impose a new collective bargaining agreement despite Defendant's revocation of any authority for Plaintiff or the Central Texas Chapter of NECA to act on its behalf for any purpose whatsoever.

## JURISDICTION AND VENUE

2. Defendant admits that the Court has jurisdiction over Plaintiff's claims pursuant to

28 U.S.C §§ 1331, 1343 and 29 U.S.C. § 185.

3. Defendant denies that a substantial part of the events and omissions giving rise to the claim in this suit occurred in Travis County, Texas. Defendant has never conducted business in Travis County and has never met Plaintiff's representatives in Travis County. Most relevant events in this matter took place in Tom Green County, Texas, including Defendant's meetings with Plaintiff's representatives. Venue is proper in the San Angelo Division of the Northern District of Texas because most relevant events in the case took place within the San Angelo Division of the Northern District.

**PARTIES**

4. Defendant admits that Plaintiff IBEW Local 520 is a "labor organization" as defined in 29 U.S.C. § 152(5). Defendant admits that Plaintiff IBEW 520 represents and seeks to represent workers employed in the electrical industry in Central Texas.

5. Defendant admits that it (Defendant A.S.H. Electrical Services, LLC) is a Texas limited liability company engaged in the electrical trade in San Angelo, Texas. Defendant admits that it is an "employer" as defined in 29 U.S.C. §152(2).

**FACTS**

6. Defendant admits that on or about May 13, 2021, Defendant signed a Letter of Assent assigning its collective bargaining rights to the Central Texas Chapter of the National Electrical Contracts Association ("NECA"). Defendant admits that the letter authorized the Central Texas Chapter, NECA, as Defendant's collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved inside labor agreement between the Central Texas Chapter, NECA and Local Union 520, IBEW Defendant denies the remaining allegations in Paragraph 6.

7. Defendant admits that Section 1.02(d) of the then-current CBA (referred to as the "prior CBA" by Plaintiff) provided:

> Unresolved issues or disputes arising out of the failure to negotiate a renewal or modification of this agreement that remain on the 20th of the month preceding the next regular meeting of the Council on Industrial Relations for the Electrical Contracting Industry (CIR) may be submitted jointly or unilaterally to the Council for adjudication. Such unresolved issues or disputes shall be submitted no later than the next regular meeting of the Council following the expiration date of this agreement or any subsequent anniversary date. The Council's decisions shall be final and binding.

8. Defendant admits that on May 30, 2023, it revoked the Letter of Assent referred to in Paragraph 6. Defendant also admits that on December 27, 2023, gave notice of its intent terminate the then-current CBA (also known as the "prior CBA."). Defendant admits that Plaintiff took the position that a mid-term modification of the Letter of Assent and the Prior CBA was not permissible. Defendant admits that Plaintiff treated Defendant's May 30, 2023, revocation of the Letter of Assent as effective upon its anniversary date and Defendant's termination of the CBA as effective upon its expiration date. Defendant denies the remaining allegations in Paragraph 8.

9. Defendant admits that Plaintiff notified Defendant of its desire to modify the CBA on or about February 3, 2025. Defendant admits that the parties met for the purpose of bargaining for a short-term agreement as a compromise after which both parties would "walk away," despite Defendant's termination of the prior CBA and no existing bargaining relationship or obligation. Defendant admits that the parties met for this purpose in March and April 2025. Defendant denies that substantive bargaining occurred. Defendant admits that no agreement on a successor CBA was reached. Defendant denies that the prior CBA was "still effective" at the time and denies the remaining allegations in Paragraph 9.

10. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 10 and therefore denies them.

11. Defendant admits that on or about April 16, 2025, Plaintiff contacted Defendant to advise Defendant of its desire to submit unresolved issues to the CIR for resolution. Defendant admits that Plaintiff asked Defendant to join in its submission to the CIR. Defendant denies that it failed to respond to Plaintiff's request; instead, Defendant explicitly declined to join in Plaintiff's submission to the CIR. Defendant admits that on or about April 17, 2025, Plaintiff unilaterally submitted a dispute to the CIR for adjudication. Defendant denies the remaining allegations in Paragraph 11.

12. Defendant admits that it participated in the CIR's arbitration proceedings by brief only. Defendant lacks knowledge sufficient to admit or deny the remaining allegations in Paragraph 12 and therefore denies them.

13. Defendant admits that the CIR's decision and award is dated May 13, 2025. Defendant admits that the CIR's decision states that the CIR based its decision on "careful consideration of the evidence submitted" but denies that the CIR carefully considered the evidence submitted. Defendant admits that the decision ordered Plaintiff and Defendant to sign and implement the CBA it was imposing on the parties (the "Imposed CBA") which was attached to and made a part of the CIR's decision and award. Defendant denies that the CIR's decision and award addressed all the unresolved issues and disputes between the parties in the Imposed CBA. Defendant denies the remaining allegations in Paragraph 13.

14. Defendant admits that it requested, on or about May 23, 2025, that the CIR reconsider its decision because "a just and reasonable weighing of evidence presented did not occur." Defendant admits that the CIR responded by letter on June 10, 2025, stating that

"The CIR fully considered the issues you have raised in your request for reconsideration. There is no basis for the CIR to reconsider its decision, which is final and binding on the parties." Defendant denies that the CIR fully considered the issues Defendant raised in its request for reconsideration and denies that the CIR's decision is final and binding on the parties. Defendant denies the remaining allegations in Paragraph 14.

15. Defendant admits that it has refused to sign, implement and be bound by the Imposed CBA as the Imposed CBA is invalid. Defendant admits that it continues to refuse to sign, implement and be bound by the Imposed CBA because it is invalid and unenforceable.

**CAUSES OF ACTION**

16. Defendant denies that the CIR acted within the scope of its authority in issuing its award. The CIR lacked authority to impose a CBA as Defendant had already terminated the Central Texas Chapter of NECA's bargaining authority with respect to Defendant and had terminated its relationship with IBEW Local 520 as it was privileged to do so under Section 8(f) of the National Labor Relations Act.

17. Defendant denies that the CIR arguably construed and/or applied the Prior CBA in issuing its May 13, 2025, decision and award. Defendant denies that the award drew its essence from the Prior CBA. Defendant denies that the Court lacks authority to review the determinations of the CIR. Defendant denies that it is obligated to accept the CIR's May 13, 2025, decision and award. Defendant denies that it is obligated to sign, implement and comply with the Imposed CBA which was part of the CIR's decision and award. Defendant denies that Plaintiff is entitled to confirmation and enforcement of the CIR's May 13, 2025, decision and award.

**INJURY**

18. Defendant denies that Plaintiff or its members have been harmed by Defendant's refusal to implement the invalid Imposed CBA. Defendant further denies that it was obligated to pay its employees compensation and/or benefits in accordance with the Imposed CBA. Defendant further denies that Plaintiff is entitled to accountant and attorney fees for any reason. Defendant denies that Plaintiff is entitled to legal and/or equitable relief.

**PRAYER**

19. Defendant denies that Plaintiff is entitled to any relief in this matter whatsoever.

**AFFIRMATIVE DEFENSES**

20. Defendant asserts the following defenses and affirmative defenses to some or all of Plaintiff's claims and/or damage requests. Each is asserted in the alternative and to the extent necessary and applicable.

21. Plaintiff fails to state a claim upon which relief can be granted.

22. The letter of assent and ASH's consent to the CBA were obtained by civil fraud and misrepresentation as to the material facts made by Mike Grant and Diarmid Campbell on May 13, 2021, at the IBEW Local 520 office in San Angelo, Texas regarding the length of time ASH would be bound by the agreement, and the ability of IBEW to provide qualified electrical workers to ASH as represented as promised.

23. The Imposed CBA is not valid and/or binding on Defendant because the CIR exceeded its authority and/or jurisdiction in imposing a Collective Bargaining Agreement where the underlying relationships between the parties were terminated and no bargaining

relationship or obligation existed.

24. Defendant was privileged to terminate its bargaining relationship with Plaintiff and the Central Texas Chapter of NECA under Section 8(f) of the National Labor Relations Act at any time.

25. Defendant was privileged to terminate its assent to the prior CBA under Section 8(f) of the National Labor Relations Act at any time.

26. Defendant effectively repudiated the prior CBA and was not bound by the imposed CBA.

27. The CIR's decision violates public policy because Defendant terminated its relationship with both Plaintiff and the Central Texas Chapter of NECA. The CIR is imposing a CBA with no underlying bargaining relationship or obligation, potentially for life.

28. The CIR's decision contains no reasoning supporting its decision to award wages far in excess of comparable collective bargaining agreements, demonstrating that its decision was manifestly unreasonable and/or made in bad faith.

29. The CIR's decision contains no reasoning supporting its decision not to honor Defendant's termination of the prior CBA, demonstrating that its decision was manifestly unreasonable and/or made in bad faith.

30. The CIR's decision fails to explain its reasoning in any manner.

31. The CIR's decision is in violation of the NLRA and is "repugnant" to the Act.

32. The CIR's decision is in violation of the LMRA.

33. Plaintiff advanced no basis for challenging Defendant's termination of the prior CBA.

34. The CIR reached its decision in bad faith.

35. The CIR's decision violates due process.

36. Plaintiff's submission of its dispute to the CIR was untimely as the submission occurred well over a year after Defendant terminated the CBA.

37. Plaintiff and/or its representatives misled and/or coerced Defendant into not attending the CIR's arbitration hearing in Washington, DC, depriving Defendant of the opportunity to present its evidence.

38. Plaintiff misrepresented the potential outcomes of arbitration before the CIR to Defendant.

39. Plaintiff failed to meet with Defendant on a weekly basis to resolve its dispute on a local level before proceeding to the CIR.

40. Plaintiff breached the CBA by failing to supply Defendant with qualified electrical workers.

41. Defendant is not liable for damages, accountant fees and/or attorney fees because it had the right to terminate the prior CBA under Section 8(f) of the NLRA and it exercised that right.

42. Defendant is not liable for damages, accountant fees and/or attorney fees because the imposed CBA is invalid and not binding on Defendant.

**COUNTERCLAIM FOR BREACH OF CONTRACT AND TO INVALIDATE ARBITRATION WARD UNDER LMRA SECTION 301**

COMES NOW Defendant and Counterclaim Plaintiff A.S.H and files this Counterclaim against Plaintiff and Counterclaim Defendant, International Brotherhood of Electrical Workers, Local 520, and respectfully shows the Court as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1343, and 29 U.S.C. § 185 (Section 301 of the LMRA). Venue is proper in this Court under 28 U.S.C. § 1391 and 29 U.S.C. § 185, although A.S.H. disputes that a substantial part of the events occurred in Travis County, Texas.

## PARTIES

2. Counterclaim Plaintiff A.S.H. Electrical Services, LLC ("A.S.H." or "Company") is a Texas limited liability company engaged in the electrical trade in San Angelo, Texas. Counterclaim Defendant International Brotherhood of Electrical Workers, Local 520 ("IBEW 520") is a labor organization representing workers in the electrical industry in Central Texas.

## RELEVANT FACTUAL BACKGROUND

3. A.S.H. is a small electrical contractor in San Angelo, Texas with only one employee. The company was founded in 2019. It is co-owned by Adam Johnke and Shannon Carpenter. When they started the company, they had zero employees. Johnke was the only licensed electrician working for the company. He had been a member of the IBEW for close to 25 years at that time. Johnke and Carpenter first met IBEW representatives Mike Grant and Diarmid Campbell during the fall of 2020 at Howard Junior College, where the local junior college was working to develop an electrical training curriculum for the community.

4. It was during these meetings at Howard Junior College that the IBEW expressed interest in A.S.H. Electrical Services and expressed a desire that they become a signatory contractor. While Johnke and especially Carpenter were hesitant, their company was growing, and due to the COVID-19 pandemic and a lack of qualified, skilled workmen available locally, they

spoke briefly regarding a potential, mutually beneficial arrangement between the IBEW and A.S.H.

5. The IBEW consistently assured Johnke and Carpenter that they (IBEW) maintained an ample roster of qualified workmen available for dispatch. Wage scale applicable to our geographic area, San Angelo, and benefits to be paid to employees were disclosed during this time. The differences between types of labor agreements, and the mechanics of how NECA operated, were not discussed.

6. On May 13, 2021 - the day Johnke and Carpenter signed the Letter of Assent – they met with Mike Grant and Diarmid Campbell at the Union Hall in San Angelo. From A.S.H. Electrical Services, LLC, Shannon and I were present. From the Union, Mike Grant (Business Development and Assistant Business Manager) and Diarmid Campbell (Field Organizer and Assistant Business Manager). Both Mike and Diarmid refer to themselves in different ways depending on the circumstances.

7. Before signing the Letter of Assent, Carpenter asked, if this arrangement did not work for them, how long do ASH have to do this? She did not want to agree to anything over a year. Grant said the term was for one year. Grant said that after a year, if ASH felt it wasn't of benefit they could part ways and not be stuck in it. All this was right before Johnke and Carpenter signed the agreement. At that meeting neither Johnke nor Carpenter were presented with a copy of the then current CBA (2019-2022 Contract). Grant promised that a copy of the CBA would be provided by IBEW, but it never was.

8. ASH relied on the representations made about the length of the agreement they were committing, as well as to the representations made by IBEW that it would be able to provide with dispatch qualified electrical workers to fill the needs of ASH. The entire purpose ASH signed

the letter of assent was because it understood that IBEW would provide ASH with the qualified workers it would need, and that if this turned out to no be the case they could get out of the agreement after a year. Both representations turned out to be false.

9. As a result, on May 30, 2023, A.S.H. revoked the Letter of Assent and notified IBEW it was terminating the CBA. ASH was privileged to revoke the Letter of Assent and terminate the CBA under Section 8(f) of the NLRA, which governs pre-hire agreements in the construction industry.

10. The CBA then in effect provided, that it would renew on an annual basis on June 1 or each year after June 1, 2022. Therefore, the date of termination of the CBA was June 1, 2024, based on the May 30, 2023, notice.

11. Because IBEW did not respond to the May notice, on December 27, 2023, ASH's counsel provided a second notice of termination of the then-current CBA.

12. IBEW asserted that while ASH had withdrawn the letter of assent, it was bound to the CBA until June 1, 2025, and that it would be seeking to negotiate a new agreement for a new contract directly with ASH prior to the termination of the agreement in 2025.

13. ASH disagreed and contended the CBA terminated on June 1, 2024.

14. In an attempt to avoid litigation, ASH agreed to engage in negotiations regarding the termination of the agreement or for a short extension.

15. IBEW 520 refused to discuss termination or a short extension of the agreement. It would only consider a new three-year agreement, insisting that ASH pay Austin wage rates among other changes.

16. ASH did not agree to these terms, so IBEW unilaterally submitted alleged unresolved bargaining issues to the CIR for adjudication.

17. On May 13, 2025, the CIR issued an arbitration award imposing a new CBA on ASH

18. ASH did not consent to the arbitration and did not participate in the hearing except by brief.

19. A.S.H. requested reconsideration of the award, which the CIR denied.

20. A.S.H. has refused to sign, implement, or comply with the imposed CBA.

### Contract Void For Fraud and Misrepresentation

21. The letter of assent and ASH's consent to the CBA were obtained by civil fraud and misrepresentation as to the material facts regarding the length of time ASH would be bound by the agreement, and the ability of IBEW to provide qualified electrical workers to ASH as represented as promised.

22. These were material representations made by Grant and Campbell for the purpose of inducing ASH to sign the letter of assent.

23. ASH relied on these representations and would not have entered into the agreement had it been told the truth regarding the length of the agreement and the inability of IBEW to provide qualified electrical workers in an efficient and timely manner.

24. ASH relied on these representations to its detriment and suffered injury because of it, including but not limited to the loss of business because of IBEW's inability to provide qualified electrical workers.

25. Alternatively, the contract is void because the parties had no meeting of the minds, or there was a mutual mistake of fact as to the length of the agreement and the ability of IBEW to provide sufficient qualified electrical workers in the San Angelo, Texas area.

### Invalidation of CIR Award

26. The CIR exceeded its authority by imposing a CBA on A.S.H. after the termination of the bargaining relationship between A.S.H. and IBEW Local 520 and A.S.H.'s termination of the Central Texas Chapter of NECA's bargaining authority on its behalf.

27. The arbitration award does not draw its essence from the prior CBA, which had been terminated and which Defendant effectively repudiated.

28. The CIR's decision violates public policy and due process by imposing a contract on a non-consenting employer with no ongoing bargaining obligation.

29. The CIR's process was procedurally defective, lacking transparency, reasoning, and fairness. A.S.H. was misled and deprived of a meaningful opportunity to participate.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff A.S.H. respectfully requests that the Court: (1) Declare the letter of assent and agreement between ASH and IBEW void, and that the contract be rescinded; (2) Declare the CIR's May 13, 2025, arbitration award invalid and unenforceable; (2) Deny enforcement of the imposed CBA; (3) Award ASH. its attorneys' fees and costs incurred in defending against enforcement; (4) Award ASH. its attorneys' fees and costs incurred in prosecuting this counterclaim; (5) Grant such other and further relief to which ASH. may be justly entitled.

Respectfully submitted,

By: */s/ Jon Mark Hogg*
Jon Mark Hogg
State Bar No. 00784286

JON MARK HOGG PLLC
1 East Twohig Ave, 2nd Floor
San Angelo, Texas 76903
(325) 777-0455
jmh@jmhogglaw.com

ATTORNEY FOR DEFENDANT A.S.H. ELECTRICAL SERVICES

**CERTIFICATE OF SERVICE**

This is to certify that on November 16, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record on file.

*/s/ Jon Mark Hogg*
Jon Mark Hogg