**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF**
**TEXAS AUSTIN DIVISION**

| | | |
|---|---|---|
| **INTERNATIONAL BROTHERHOOD OF** | § | |
| **ELECTRICAL WORKERS, LOCAL 520,** | § | |
| ***Plaintiff/Counter-Defendant*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:25-cv-01643-DAE** |
| | § | |
| **A.S.H. ELECTRICAL SERVICES, LLC,** | § | |
| ***Defendant/Counter-Plaintiff*** | § | |

**DEFENDANT/COUNTER-PLAINTIFF'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS AND TO STRIKE**

**TO THE HONORABLE DAVID A. EZRA, UNITED STATES DISTRICT JUDGE**:

Defendant/Counter-Plaintiff A.S.H. Electrical Services, LLC ("ASH.") files this Response in Opposition to Plaintiff International Brotherhood of Electrical Workers, Local 520's ("IBEW") Motion to Dismiss a Portion of Defendant's First Amended Counterclaim and to Strike Affirmative Defense 2 (Dkt. 53) (the "Motion"). The Court should deny the motion for the following reasons.

## LEGAL STANDARDS

Federal Rule of Civil Procedure sets out a notice pleading requirement. FED. R. CIV. P. 8. It requires only a short and plain statement showing the pleader is entitled to relief, along with jurisdictional grounds and a demand for relief. Id. A complaint is sufficient under Rule 8 if it contains sufficient factual matter, accepted as true, to permit a reasonable inference that the defendant is liable and states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556, U.S.

662, 678 (2009). Courts are to accept well pleaded facts as true and views them in the light most favorable to Plaintiff. *Richardson v. Axion Logistics, L.L.C.*, 780 F3d 304, 306 (5th Circ. 2015).

Motions to strike claiming a defense is insufficient as a matter of law are generally disfavored. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). Rule 12(f) motions are to be used sparingly because they would decide matters without a factual record. *Augustus v. Board of Public Instruction of Escambia Cnty., Fla.,*, 306 F.2d 862, 868 (5th Cir. 1962). Striking a pleading or part of a pleading is a drastic step and should be granted only when required for justice and the challenged pleading has no plausible relation to the controversy. Id.

## ARGUMENT

### MOTION TO DISMISS IS MOOT

Defendant/Counter-Plaintiff timely filed its Second Amended Answer and Counterclaim in response to Plaintiff's motion. (Dkt. 55). The Second Amended pleading makes substantive changes to the answer and counterclaim including adding additional facts to address the issues raised in Plaintiff's Motion to Dismiss. Therefore, the motion is now moot as it does not address a live pleading. *Garcia v. City of Amarillo*, 2018 U.S. Dist. LEXIS 2024032 *3-4 (N.D. Tex 2018).

### MOTION TO STRIKE SHOULD BE DENIED

Plaintiff's Motion to Strike Plaintiff's claim for recission of the contract because of fraud, misrepresentation, mutual mistake or no meeting of the minds is not a true motion to strike. It is in all but name a Motion for Summary Judgment asking the Court to decide the case on the merits but brought in a procedural device that does not allow for submission of evidence and development of a factual record. For that reason alone, the motion to strike should be denied.

IBEW's main argument is that the Letter of Assent contradicts the oral representations made by Mike Grant and Diarmid Campbell, so reliance was unjustified as a matter of law. Plaintiff cites to various cases holding that ASH cannot as a matter of law rely on the representations that are contradicted by the actual language of the letter of assent. But none of those cases are on point. They all involve situations where the document that was signed was the full agreement and where the signer were sophisticated business operators with years of experience with their subject matter. That is not the case here. Also, none of the cases dismissed the fraud in the inducement claim on a Motion to Strike.[1] None of the cases cited dismissed a claim of fraudulent inducement on a motion to strike.

The Letter of Assent was the only document that was signed and it referenced a then existing CBA agreement. IBEW did not present the relevant CBA to ASH for review. Without having the CBA agreement to read in advance, ASH depended entirely on the representations made by Grant and Campbell in understanding what they were getting into by signing the letter. There is no dispute in this case that IBEW did not provide ASH a copy of the current CBA at the time the letter of assent was signed, or even after the letter was signed. ASH had no knowledge of the contents of the CBA or what it meant until long after it notified IBEW of its intent to get out of the agreement and this litigation.

ASH was a new business. Neither Johnke nor Carpenter were sophisticated businesspeople with detailed knowledge and experience in dealing with a union, the National

---

[1] *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 811 (5th Cir. 2017) [grant of summary judgment]; *Bank of Am., N.A. v. Ztar Mobile, Inc.*, No. 25-11330, 2026 WL Case 1:25-cv-01643- at *4–5 (5th Cir. Oct. 9, 2026) [grant of summary judgment]; *Rozay's Transfer v. Local Freight Drivers, Local 208,* 850 F.2d 1321, 1326 (9th Cir. 1988) [judgment from bench trial]; *Sheet Metal Workers Local 54 v. E.F. Etie Sheet Metal Co.*, 1 F.3d 1464 (5th Cir. 1993) overruled on other grounds 20 F3d. 1362 (5th Cir. 1994) [judgment from bench trial].

Labor Relations Act, how Letters of Assent and CBAs worked, what the typical terms of a CBA were or how easy or hard it was to get out of them. Johnke had been a member of IBEW for 25 years, but only as an employee/worker. He had never been involved with IBEW as a contractor/employer, negotiated or interpreted agreements with a union, or dealt with the union in that capacity. Carpenter had zero experience with unions.

Regardless, the Letter of Assent does not contradict the representations of Grant and Campbell. The Letter of Assent specifically states, "It [the Letter of Assent] shall remain in effect until terminated by the undersigned employer giving written notice to the Central Texas Chapter, NECA and to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement." But without a copy of the CBA to reference when the current anniversary date was ASH had no way of knowing how long it was committing to other than from what Grant and Campbell told them.

In fact, ASH was later to learn that IBEW was in the middle of negotiations with NECA on a new inside agreement at the very time ASH signed the letter of assent. No one with IBEW provided this information to ASH or explained that ASH would soon be bound to a new agreement for three years, and that by signing the letter it could be forced into another agreement for three years beyond that against its will. As far as ASH knew at the time, the current labor agreement renewed on an annual basis based on the misrepresentations. Whether ASH's reliance on the representations was justified will be a fact issue that must be developed on the record. It is improper for the Court to strike Defendant's counterclaim and affirmative defense based on these representations.

## CONCLUSION AND PRAYER

WHEREFORE, ASH respectfully requests that the Court deny IBEW's Motion to Dismiss a Portion of Defendant's First Amended Counterclaim and to Strike Affirmative

Defense 2 in its entirety. In the alternative, if the Court finds any pleading deficiency, ASH. requests leave to file an amended pleading curing that deficiency on a schedule consistent with the Court's reopened discovery. ASH further requests all other relief to which it may be justly entitled.

Respectfully submitted,
By: */s/ Jon Mark Hogg*
Jon Mark Hogg
State Bar No. 00784286

JON MARK HOGG PLLC
1 East Twohig Ave, 2nd Floor
San Angelo, Texas 76903
(325) 777-0455
jmh@jmhogglaw.com

ATTORNEY FOR DEFENDANT
A.S.H. ELECTRICAL SERVICES

**CERTIFICATE OF SERVICE**

This is to certify that on November 17, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record on file.

*/s/ Jon Mark Hogg*
Jon Mark Hogg